# Richmond.

## N. I. Washburn, et als. v. Angle Hardware Company, Inc.

March 18, 1926.

1. Service of Process—*Substituted Service—Strict Construction of Statutes.*—Statutes allowing substituted service of process are to be strictly construed. Their terms must be strictly complied with. Courts cannot dispense with any of the statutory requirements even though satisfied that the method actually adopted for giving the defendant notice was better than that prescribed by law.

2. Service of Process—*Usual Place of Abode—Substituted Service—Return.*—Personal service may be on the defendant anywhere he may be found in the officer's bailiwick, but the officer is not required to search for him at but one place, and that is at his usual place of abode, and if he be not found at his usual place of abode, then the officer may make the substituted service, but his return must show why he made the substituted service, and that reason must be the one given in the statute, else the return will be bad.

.3. Service of Process—*Substituted Service—Section 3207 of the Code of 1919.*—The different methods of service provided by section 3207 of the Code of 1919 are not cumulative but successive. Service cannot be made upon a member of the family if the defendant be found at his place of abode, and there can be no posting if a member of the family above the age of sixteen years be found at the place of abode of the defendant; and, when one method of service is substituted for another, the return must show a right to adopt the inferior method of service by negativing ability to get the better service.

4. Service of Process—*Substituted Service—Last Home of Defendant—Usual Place of Abode or Home—Case at Bar.*—Notice of motion of judgment was attempted to be served under section 3207 of the Code of 1919 allowing substituted service, which provides that "if he" (the defendant) "be not found at his usual place of abode," (service may be had) "by delivering such copy and giving information of its purpose to his wife or any person found *there*, who is a member of his family, and above the age of sixteen years." The officer delivered a copy of the notice to a brother of the defendant over the age of sixteen years, who was described as a member of defendant's

family, and explained the purport of the notice to him, but the copy was delivered to the brother, not at the *usual* place of abode or home, but at the *last* home of the defendant.

*Held:* That the officer's return was fatally defective and that the judgment obtained was therefore void.

5. SERVICE OF PROCESS—*Last Home or Residence—Usual Place of Abode.*— Last home, or residence, or place of abode, are not synonymous with the usual place of abode, etc., and, in making substituted service, under section 3207 of the Code of 1919, the copy of the notice must be left at defendant's usual place of abode and not elsewhere.

6. CREDITOR'S SUIT—*Decree Directing Sale—Sale Subject to Secured Debt.*— Defendant in a creditor's suit complained that the decree directing sale of his real estate to satisfy the liens thereon, provided that the same should be sold subject to the debt secured thereon, in favor of the Federal Land Bank of Baltimore.

*Held:* That there was no error in this as it was a matter in the discretion of the court and there was nothing in the record to show that such discretion had been abused, or that its exercise was to the prejudice of defendant.

Appeal from a decree of the Circuit Court of Henry county. Decree for complainants. Appellants appeal.

*Reversed.*

The opinion states the case.

*Jno. R. Smith* and *W. H. Graverly*, for the plaintiffs in error.

*S. G. Whittle, Jr.*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is a creditors' suit. On March 3, 1924, the Angle Hardware Company, Inc., filed its bill, on its own behalf, and on behalf of "such other judgment creditors of N. I. Washburn as shall come in and contribute to the costs of this suit."

At a subsequent term of the circuit court the cause

was referred to John W. Carter, commissioner in chancery, with direction, among other things, to report an account of the liens on the real estate of the defendant, N. I. Washburn, and their priorities.

Among the claims submitted to the commissioner was an alleged judgment in favor of G. J. Penn, dated January 2, 1911, and docketed on January 26, 1911, originally for $566.66, with costs, $5.53, with credits as follows: June 13, 1913, $50.00; May, 1913, $135.00; June 24, 1916, $150.00. The judgment was assigned by Penn to T. C. Coleman, and at the time of the hearing before the commissioner in chancery, with accrued interest, amounted to $704.40. The validity of this judgment was contested by N. I. Washburn upon the ground that it was obtained by default, upon a notice of motion for judgment, whereon the officer's return was fatally defective upon its face. The commissioner reported that the judgment was void and did not constitute a lien on the land involved in the proceedings. The assignee of the judgment, Coleman, excepted to the report so far as it held the judgment invalid, and the circuit court sustained the exception, and declared the judgment valid and a subsisting lien upon the real estate of N. I. Washburn. An appeal from this decree, duly allowed, brings before this court for review the action of the trial court in the premises.

As appears from a certified copy of the record, filed before the commissioner, the nature of the action was a notice of motion for a personal judgment against N. I. Washburn and D. M. Washburn. A copy of said notice was served on one J. E. Washburn by J. W. Kelly, deputy sheriff of J. M. Davis, sheriff of Henry county. The deputy sheriff made the following return on the original notice:

"Notice:

"Executed Dec. 17th, 1910, on D. M. and N. I. Washburn by delivering a true copy of the within for each of them to J. E. Washburn, he being a brother of the said N. I. Washburn, and a member of his family over the age of sixteen years and at the last home of the said N. I. Washburn. The said N. I. Washburn not being found at his usual place of abode and explaining within notice to said J. E. Washburn.

> (Signed) J. W. KELLY, D. S.
> for J. M. Davis, Sheriff."

In passing upon the validity of this return, Commissioner Carter says, in part:

"The case was called in the circuit court, on the above notice and return, and judgment was entered by default.

"It is plainly apparent that the above return is fatally defective in so far as D. M. Washburn is concerned.

"The deposition of N. I. Washburn hereto attached is not relevant to the question before your commissioner. Everything that the said N. I. Washburn deposes may be true, yet if the return of the sheriff shows a strict compliance with the statute authorizing substituted service the judgment cannot be attached collaterally. The sheriff's return is final, even though the facts stated in the return are false; and a judgment obtained where such return is not fatally defective on its face is good. The remedy is against the sheriff on his bond.

"The question for your commissioner to determine is: Whether or not the return above is good; if it is defective on its face, is such defect fatal to a judgment obtained by default?"

After stating that the service, under the statute,

could be either personal or substituted, and that the
attempted service in this case was under the provision
of the statute allowing substituted service, that is, by
delivering a copy to the wife or some member of
defendant's family over the age of sixteen years, at
his usual place of abode, and explaining its purport,
and that the law required strict compliance with its
provisions, the commissioner proceeds:

"Does the above return show a fatal defect on its
face, or is it such a substantial compliance with the
statute that a judgment obtained by default is valid?
Your commissioner is of the opinion that the return
is fatally defective in the following line, '* * and
at the last home of the said N. I. Washburn * *.'
The use of the word last, qualifying the word home,
renders the return so defective that a judgment ob-
tained by default is void.

"Your commissioner is familiar with the two cases
in Virginia deciding that the word 'home' and the
word 'residence,' respectively, when used by a sheriff
in his return, are synonymous with the words in the
statute, 'usual place of abode.' That is undoubtedly
true; at the home or the residence of a man is certainly
his usual place of abode, giving to those words their
accepted meaning. If the sheriff in this return had
used the word 'home' unqualified by any other word,
the return would be valid. Substituting the words of
the statute for the word 'home' used by the sheriff in
the above return, we have the following return, 'at the
last usual place of abode of the said N. I. Washburn.'
Nowhere in the statute can there be found any authori-
zation for serving a notice at the last usual place of
abode. The statute doesn't contemplate any such serv-
ice, but it is mandatory in its command that the
sheriff must make such substituted service at the 'usual

place of abode,' the then present, usual place of abode, the place of abode where the defendant resided at the time of the service, as distinguished from the place of abode where the defendant had resided. The word 'last,' as used by the sheriff in this return, indicates that the place at which the service was made has ceased to be the 'then' usual place of abode and the defendant had moved to some other place, either in the same county, in this State, or even out of the State, and that the service was made, not at the usual place of abode; but at a place that at one time had been the defendant's usual place of abode while in this county, or that section of the country.

"For the same reasons your commissioner is of the opinion that the word 'last' is not surplusage that can be stricken out and not change the entire meaning of the return.

"For these reasons, your commissioner is of the opinion that the judgment obtained by G. J. Penn is void."

We concur in the view of the commissioner that the return was fatally defective; that the judgment was, therefore, void, and that the court erred in holding that it was a valid lien upon the real estate of N. I. Washburn.

Service of process is either personal or substituted. In the instant case the notice was attempted to be served under the provision of the statute allowing substituted service (section 3207, Code), which provides that "if he" (the defendant) "be not found at his usual place of abode," (service may be had) "by delivering such copy and giving information of its purpose to his wife or any person found *there*, who is a member of his family, and above the age of sixteen years."

[1, 2, 3] At page 297, Burks' Pleading and Practice,

it is said: "Where statutes have been enacted allowing substituted service, they are to be strictly construed." Citing *Staunton P. G. & L. Co.* v. *Haden*, 92 Va. 201, 23 S. E. 285. And at page 288, the learned author says: "Personal service may be on the defendant anywhere he may be found in the officer's bailiwick, but the officer is not required to search for him at but one place, and that is at his usual place of abode, and if he be not found 'at his usual place of abode,' then the officer may make the substituted service, but his return must show why he made the substituted service, and that reason must be the one given in the statute, else the return will be bad. The different methods of service provided by this section are not cumulative but successive. Service cannot be made upon a member of the family if the defendant be found at his place of abode, and there can be no posting if a member of the family above the age of sixteen years be found at the place of abode of the defendant; and, when one method of service is substituted for another, the return must show a right to adopt the inferior method of service by negativing ability to get the better service. The officer has no right to make the substituted service except when the statute so provides. The substituted service may be upon the defendant's wife or any person found there who is a member of his family above the age of sixteen years. But whether served on the wife or member of the family, the service can only be made at the defendant's usual place of abode *and not elsewhere.* (Italics ours.) 'To authorize a personal judgment on substituted service of process, the terms of the statute authorizing such service must be strictly complied with. Courts cannot dispense with any of the statutory requirements, even though satisfied that the method actually adopted for giving the defendant notice was better than that prescribed by law."

[4, 5] In the instant case, the officer delivered a copy of the notice to a brother of the defendant over the age of sixteen years, who was described as a member of defendant's family, and explained the purport of the notice to him, but the copy was delivered to the brother, not at the *usual* place of abode or home, but at the *last* home of the defendant. Last home, or residence, or place of abode, are not synonymous with usual place of abode, etc., and, as we have seen, in making substituted service, under the statute, the copy of the notice must be left at the defendant's usual place of abode and not elsewhere.

[6] Appellant also complains that the decree directing sale of his real estate to satisfy the liens thereon provides that same shall be sold subject to the debt secured thereon in favor of the Federal Land Bank of Baltimore. We see no error in this. It was a matter in the discretion of the court, and there is nothing in the record to show that such discretion has been abused, or that its exercise was to the prejudice of appellant.

For the reasons, however, heretofore set out, the decree of the circuit court will be reversed so far as it related to the Penn judgment, and this court will enter a decree declaring the said judgment void for lack of sufficient service of process.

*Reversed.*