Syllabus.

# Richmond.

## JAMES ADKINS v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF LYNCHBURG.

### January 19, 1928.

### Absent, Burks, J.

1. STREETS AND HIGHWAYS—*Right of Pedestrian at Street Crossing—Duty of Driver to Keep on the Right Side of Street—Case at Bar.*—The instant case was an action by plaintiff for injuries received when he was struck by defendant's automobile at a street crossing. Plaintiff when crossing the street looked to the right and left and saw no car approaching. When he was half way across the street he saw defendant's automobile coming down the intersecting street at a rapid rate of speed. Plaintiff stopped and kept his eyes on the car. Instead of staying on the right side of the street, where there was plenty of space for him to pass, as his duty required him to do, the driver diverted the car to the left and drove it directly towards the plaintiff. Plaintiff jumped to keep from being struck and at that moment the car turned and continued towards him. Plaintiff jumped again but the car turned again and ran into him.

   *Held:* That plaintiff had a right to assume that the driver of the car would keep on the right side of the street and that the driver's failure to do so and his recklessness in driving the car against plaintiff constituted negligence which was the proximate cause of plaintiff's injuries.

2. STREETS AND HIGHWAYS—*Right of Pedestrian at Street Crossing—Duty of Driver to Keep on the Right Side of Street—Case at Bar.*—The instant case was an action for injuries to plaintiff when he was struck by defendant's car at a street intersection. Plaintiff saw defendant's car approaching as he crossed the street and stopped to allow it to pass him safely. Defendant contended that if plaintiff had stood still where he stopped, or had continued his course across the street, he would not have been struck. The evidence showed that plaintiff stopped to give the car ample room to pass in front of him, and did not move except to get out of the way of the car which was about to run over him.

   *Held:* That there was no merit in defendant's contention.

3. STREETS AND HIGHWAYS—*Right of Pedestrian at Street Crossing—Negligence of Driver of Automobile—Speed of Car—Case at Bar.*—In the instant case plaintiff was struck by defendant's car at a street crossing.   The driver of the car testified that he was forty feet from plaintiff when he first saw him.   Plaintiff testified that he saw the car when it was seventy feet from him.   Defendant testified that he was going at the rate of ten miles an hour.   Plaintiff testified that the car was going so fast he did not think it safe to cross the street in front of it.   Plaintiff's testimony was corroborated by the fact that the car ran seventy feet before it stopped after the accident.

   *Held:*   That the jury was warranted in finding that the car was traveling at a reckless rate of  speed and that defendant was guilty of negligence in not keeping a proper lookout or slackening the speed of the car.

4. NEGLIGENCE—*Questions of Law and Fact—Conflicting Evidence.*—Where the evidence of negligence is conflicting, or is such that reasonable men would differ in their conclusions upon the facts, negligence is not a question of law for the court, but a question of fact for the jury.

5. NEGLIGENCE—*Questions of Law and Fact—Mixed Question of Law and Fact.*—Whether one has been guilty of negligence or not, is a mixed question of law and fact to be determined by the court when the facts are not disputed, or conclusively proven, but not withdrawn from the jury when the facts are disputed, or the evidence is in conflict.

6. STREETS AND HIGHWAYS—*Street Crossings—Injury to Pedestrian by Automobile—Contributory Negligence—Case at Bar.*—In the instant case, an action by pedestrian for injuries received when he was struck by an automobile at a street intersection, the questions of defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury under an instruction given at the request of the defendant.   The evidence was conflicting on material points and the jury were fully warranted in finding that the defendant's negligence was the sole proximate cause of plaintiff's injuries, and that the plaintiff was not guilty of any negligence which proximately contributed thereto.

   *Held:*   That the action of the trial court in setting aside verdict for plaintiff and entering judgment for the defendant would be reversed and judgment entered in favor of the plaintiff upon the verdict.

Error to a judgment of the Corporation Court of the city of Lynchburg, in an action of trespass on the case. Judgment for defendant.   Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Harrison, Long & Williams,* for the plaintiff in error.

*Mayo C. Brown* and *Harry Baumgardner,* for the defendant in error.

WEST, J., delivered the opinion of the court.

James Adkins, plaintiff, recovered a verdict against Young Men's Christian Association of Lynchburg, defendant, for $1,750, compensation for personal injuries negligently inflicted upon him by the defendant. The action of the court in setting aside the verdict of the jury and entering final judgment for the defendant is before us for review.

Church street, in the city of Lynchburg, runs north and south and is thirty-five feet wide. Ninth street crosses Church street at right angles. On the 7th day of June, 1924, the plaintiff was walking west down Ninth street, on the south side thereof, on his way to the post office, which is located on the west side of Church street. When he reached the curbing at the intersection of Ninth and Church streets, he looked to his right and left but saw no car approaching. He proceeded to cross Church street, and when he was nearly half way across he saw defendant's automobile, driven by its employee, Lawrence Green, coming down Church street at his right. The car was running at a rapid rate of speed and was then about seventy feet from him. He stopped immediately and kept his eyes on the car. Instead of staying on the right side of the street, where there was plenty of space for him to pass, as his duty required him to do, the driver diverted the car to the left and drove it directly to-

wards the plaintiff.   To keep from being struck, plaintiff jumped forward as far as he could; at that moment the car was turned suddenly to the right and continued towards him.   The car being nearly on him, in an effort to keep from being struck, he jumped back to his first position, but the car was suddenly turned to the left and ran against him, knocking him down and dragging him diagonally across Church street for a distance of seventy feet and stopping when it struck the curbing on the east side of the street.   As a result of the collision, plaintiff's leg was broken and he was otherwise injured.

The plaintiff contended that his injuries were the result of the carelessness, negligence and improper conduct of the defendant's agent and employee, Lawrence Green, in driving the automobile violently against him.

The defendant relied upon the general issue and the contributory negligence of the plaintiff as a complete defense to plaintiff's action, insisting that the plaintiff was guilty of contributory negligence as a matter of law, and that defendant was not guilty of negligence which was the proximate cause of the plaintiff's injuries.

The only assignment of error is the court's action in setting aside the verdict of the jury as contrary to the evidence, and without evidence to support it, and entering judgment for the defendant.

[1, 2] There being nothing in front of him to obstruct his passage, the law required that the driver of the car keep on the right side of the street, and the plaintiff had the right to assume that he would.   Had he done so, the accident would not have occurred.   His failure to do so and his recklessness in driving the car against the plaintiff constituted negligence which was the

proximate cause—the *causa causans*—of the plaintiff's injuries. It is no defense for the defendant to say that if the plaintiff had stood still where he was, or had continued his course across the street, he would not have been struck. The evidence shows that plaintiff stopped to give the car ample room to pass in front of him, and did not move except to get out of the way of the car which was about to run over him.

[3] The defendant was also guilty of negligence which proximately contributed to the injury of the plaintiff, in that the driver of the car did not keep a proper lookout or slacken the speed of the car. The driver testified that he was forty feet from the plaintiff when he first saw him, while the plaintiff testified that he saw the car when it was seventy feet from him. The driver testified that the car was going at the rate of ten miles per hour when it struck the plaintiff. The plaintiff says it was moving so fast he did not think it safe for him to cross the street in front of it. The fact that, after striking the plaintiff, the car ran seventy feet before it stopped, warranted the jury in finding that it was traveling at a reckless rate of speed when it struck the plaintiff.

None of the grounds of contributory negligence alleged against the plaintiff is sustained by uncontradicted evidence. It appears from the evidence for the plaintiff that he kept a proper lookout for his safety in crossing the street and looked for the approach of vehicles and saw the car in time to make himself safe against injuries by those who operated their cars in a lawful manner; that plaintiff did not undertake to cross the street at a place other than the intersection of two streets; that his movements after he saw the defendant's car approaching him were all made in an effort to save himself from death or great bodily harm

at the hands of the driver of defendant's car, who forced him from his position of safety and pursued him in every direction he moved.

[4] Where the evidence of negligence is conflicting, or is such that reasonable men would differ in their conclusions upon the facts, negligence is not a question of law for the court, but a question of fact for the jury.

[5] "Whether one has been guilty of negligence or not, is a mixed question of law and fact to be determined by the court when the facts are not disputed, or conclusively proven, but not withdrawn from the jury when the facts are disputed, or the evidence is in conflict." *Winchester* v. *Caroll*, 99 Va. 744, 40 S. E 40; *Appalachian Power Co.* v. *Robertson*, 142 Va. 468, 129 S. E. 277.

"The question of negligence, or due care, is one peculiarly within the province of the jury, and cannot be established as a matter of law by the state of facts about which reasonably fairminded men may differ." *Richmond & P. Ry. Co.* v. *Rubin*, 102 Va. 814, 47 S. E. 836; *Virginia I. C. & C. Co.* v. *Perkey's Admr.*, 143 Va. 168, 130 S. E. 403.

[6] The question of defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury under an instruction given at the request of the defendant.

The evidence was conflicting on material points and the jury were fully warranted in finding that the defendant's negligence was the sole proximate cause of the plaintiff's injuries, and that the plaintiff was not guilty of any negligence which proximately contributed thereto.

The court erred in setting the verdict aside and entering judgment for the defendant.

The judgment will be reversed and judgment entered here in favor of the plaintiff for the amount of damages ascertained by the verdict of the jury, with interest and costs.

*Reversed.*