## Richmond

ROBERT SPIEGELMAN, AN INFANT, ETC. v. J. EDWARD BIRCH, AD-
MINISTRATOR, ETC.

January 14, 1963.

Record No. 5522.

Present, All the Justices.

The opinion states the case.

*William King Mapp* (*Mapp & Mapp*, on brief), for the plaintiff in error.

*Calvin W. Breit (Robert S. Cohen; Amato, Babalas, Breit, Cohen, Rutter & Friedman; Fears & Northam,* on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

■ Joshua W. Birch, seventy-three years old, was struck and killed by an automobile driven by Robert Spiegelman, seventeen years old. His administrator brought this action for damages against Spiegelman, who defended by his guardian *ad litem.* A jury returned a verdict of $10,000 for the plaintiff, upon which the court entered judgment and we granted the defendant a writ of error.

Defendant's first contention here is that the court erred in overruling his motion to dismiss the plaintiff's action for lack of legal service of process. The sheriff certified that on October 20, 1960, he served a copy of the motion for judgment on defendant by posting it at the front door of defendant's usual place of abode, neither he nor any member of his family over sixteen years of age being then found there. This was in accord with § 8-51 of the Code, but the defendant based his motion on an affidavit of his father to the effect that about September 5, 1960, he and his wife and their son, the defendant, went to Florida "and our permanent home at Chincoteague, Accomack County, Virginia, was unoccupied from that date, up to November 5, 1960". It sufficiently appears that the defendant was only temporarily absent from the home which was his usual place of abode and his motion to dismiss was properly overruled. Burks Pl. & Pr., 4 ed., p. 75; Black's Law Dict., 3 ed., p. 12. *Cf.* Code § 8-53.

■ Defendant's next contention is that the court erred in overruling his motion to strike the plaintiff's evidence at its conclusion because it did not show that defendant was guilty of any negligence. He waived his right to rely on that motion by introducing his own evidence and the entire record is now to be considered. *Interstate Veneer Co.* v. *Edwards,* 191 Va. 107, 110, 60 S. E. 2d 4, 6; *Carroll* v. *Richardson,* 201 Va. 157, 158, 110 S. E. 2d 193, 194.

The accident happened on North Main street in the town of Chincoteague, on September 3, 1960, at about 3:25 in the afternoon of a clear, dry day. The street runs north and south, is practically straight in the area of the accident and has sidewalks on each side. Birch, the deceased, lived on the east side of the street and a walk extended through his yard to the sidewalk in front of his home.

The defendant lived on the same street farther north. The deceased had started walking across the street from his home when the defendant, driving north, came around a curve in the street some three hundred feet to the south. Defendant testified that when he was coming around the turn he saw Mr. Birch crossing the street in front of his house, four or five steps out in the street, walking slowly, "and he looked at me when I came around the bend". Defendant was asked by his counsel what he did when he first saw Mr. Birch. He answered: "When I first saw him, I imagine he was going right across the street. * * I proceeded to go on, and when he got to the middle of the street, he turned around and hesitated, as if he was going to go back. * * I thought, well, I don't know what he is going to do. I was hoping he was going back, so I could continue, but he got sort of confused, and went first one way, and then the other way, and I tried to avoid him, and went to the left." He said the deceased went to the left, too, and was struck by the car "on the far left-hand side of the road". He said he applied his brakes before he had contact with the deceased. "I thought I could avoid hitting him, you know, but he stood still and stretched out his arms. I thought he would get out of the way."

On his cross-examination he was asked why he did not slow down. He answered, "I wasn't going above the speed limit. I figured he was going on across the street." He was asked why he didn't put his brakes on when he first saw that Mr. Birch was confused. He replied, "I was already on top of him. I even waved my hand for him to go one way or the other, and he stood there and spread his arms."

A witness for the plaintiff saw the defendant's car coming down the street "going pretty fast". She saw the deceased being struck by the car in the middle of the road and "he went up in the air". She did not hear the car brakes, she said, until after it hit him.

A State trooper arrived a few minutes after the accident. He testified and drew a sketch to show the situation at the scene. At the place of the accident the street was 30½ feet wide between sidewalks. Clarke street entered it from the east 35 feet south of the walk leading from the Birch home to the street. There were tire marks on the pavement 24½ feet long. They began in the center of the street about opposite the Birch walk and extended to the back of the defendant's car on the west side of the street. The left tire mark began about three feet to the left of the center of the street. The damage to the car was at the center of the hood. The curve from which the de-

fendant saw the deceased was "a good hundred yards" from where the accident occurred.

The defendant contends that as a matter of law he was not guilty of negligence, and that if he was then the deceased was guilty of contributory negligence. We conclude that both were questions of fact to be decided by the jury.

We measure the evidence by the familiar rule that negligence, contributory negligence and proximate cause are ordinarily questions for the jury. They are questions of law to be decided by the court only when reasonable men should not differ as to the reasonable inferences and the proper conclusions to be drawn from the evidence. *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853; *Conrad* v. *Thompson*, 195 Va. 714, 717, 80 S. E. 2d 561, 564; *Bates, Adm'x* v. *Thompson*, 200 Va. 501, 505, 106 S. E. 2d 728, 731.

It was the duty of the defendant to drive on the right half of the street, made so by statute. Code § 46.1-203; *Hamilton* v. *Glemming*, 187 Va. 309, 315, 46 S. E. 2d 438, 441. He did not obey that requirement. The trooper's testimony was to that effect and defendant's own testimony was that he struck the deceased "on the far left-hand side of the road". The evidence made a *prima facie* case of negligence and placed the burden upon the defendant to furnish a reasonable explanation, one that the jury could accept, to the effect that he was on the wrong side from a cause other than his own negligence. *Bedget* v. *Lewin*, 202 Va. 535, 541, 118 S. E. 2d 650, 655.

While the defendant testified that he was driving "around twenty" and again that he wasn't going above the speed limit, and told the trooper that he was not going fast, he admitted that he never slowed down and that he did not apply his brakes until he was right on top of the deceased. He saw the deceased walking across and four or five steps into the street when he, the defendant, was at least 300 feet away. There was no other traffic and the deceased was in his full view all the way. If he had applied his brakes, if he had slowed down, or if he had kept to his side of the street, as the jury could have concluded, the accident would not have happened. The jury could have accepted the testimony that the defendant was driving pretty fast, and they could have believed that the explanation of the accident lay in the statement of the defendant that when he saw the deceased hesitate in the middle of the road he didn't know what he was going to do, but "I thought he would get out of the way". Plainly the evidence was sufficient to support the finding of the jury that the defendant was negligent.

Defendant argues that the deceased was guilty of contributory negligence because he was not crossing at an intersection. Section 46.1-230 of the Code provides that in crossing highways or streets a pedestrian shall cross wherever possible only at intersections and at right angles. A pedestrian crossing at such point has the right of way and between intersections the vehicle has the right of way. *Tolston v. Reeves*, 200 Va. 179, 182-3, 104 S. E. 2d 754, 756-7. Violation of the statute is negligence. *Brown v. Arthur*, 202 Va. 624, 630, 119 S. E. 2d 315, 319. We said in that case that the court properly left to the determination of the jury whether such negligence proximately contributed to the happening of the accident.

In *Danner v. Cunningham*, 194 Va. 142, 146-7, 72 S. E. 2d 354, 357, quoting from Blashfield, we said:

"The question as to whether a pedestrian, who is struck by an automobile or other motor vehicle, at or near a regular street crossing, or at a place customarily used as a crossing, exercised proper care, or has been guilty of contributory negligence which will defeat his recovery for injuries sustained by such collision, is almost invariably one for the jury."

The evidence in the present case was to the effect that the deceased was crossing about opposite the end of his yard walk, which was 35 feet north of where Clarke street intersected North Main. The court instructed the jury, at the instance of the defendant, that if they believed the deceased crossed the street carelessly, or not at an intersection when it would have been possible to do so, he was guilty of negligence, and if such negligence was a proximate cause of his death, then it was the duty of the jury to find for the defendant. The verdict for the plaintiff was necessarily a finding that the negligence of the deceased was not a proximate cause, and the jury were entitled under the evidence to make that finding.

The jury could well have found from the evidence that the failure of the deceased to cross at the intersection had nothing to do with the accident. As stated, there was no other traffic on the street, nothing to obstruct the defendant's view of the deceased from the time he saw the deceased 300 feet away. When the defendant saw the deceased four or five steps into the street the latter had only an additional step or two to walk across the middle of the street and into the left lane. What caused the deceased to pause in the middle of the street and appear hesitant about continuing or going back could have been that he saw the automobile bearing down on him at a "pretty fast" speed in the middle of the street, with the defendant

waving or motioning to him with his hand, as defendant said, to go one way or the other. The response of the deceased in standing still and stretching out his arms, as the defendant also testified, may well have indicated that he did not know what was best to do. The jury could have concluded that deceased's actions, as defendant described them, were caused by the way defendant was operating his car, and that the negligence of the defendant was the sole proximate cause of the accident.

The facts of this case are very similar to those in *Adkins* v. *Y.M.C.A.*, 149 Va. 193, 141 S. E. 117, in which it was held that the questions of negligence and contributory negligence were matters for the jury.

The final contention of the defendant is that the court erred in giving plaintiff's Instructions 1, 8 and 11, and in refusing defendant's Instruction E.

Instruction No. 1 was in the language of the opinion in *Rhoades* v. *Meadows*, 189 Va. 558, 562, 54 S. E. 2d 123, 125, in reference to the rights and duties of a pedestrian and a motorist. We have said several times that the language of an opinion is not always appropriate in an instruction, *Abernathy* v. *Emporia Mfg. Co.*, 122 Va. 406, 413, 95 S. E. 418, 420; *Isenhour* v. *McGranighan*, 178 Va. 365, 371, 17 S. E. 2d 383, 385; 10 Mich. Jur., Instructions, § 15, p. 204. That observation applies to this instruction. The defendant objected to it on the ground that it did not correctly state the law applicable to the case. It correctly stated the law but it had little application to the case being tried. It was argumentative, which no instruction should be, but we consider it to have been neither harmful nor helpful in this case.

Number 8 was on the subject of damages and No. 11 about the duty of the defendant to keep his automobile under control. They stated no incorrect principles and the objections to them were not well taken.

No error occurred in refusing Instruction E. It dealt with the duty to look before crossing the street, which was not an issue under the evidence.

The instructions given adequately informed the jury as to the legal principles applicable to the case.

We find no reversible error and the judgment appealed from is

*Affirmed.*