## CIRCUIT COURT OF BOTETOURT COUNTY

Roanoke Memorial Hospital

v.

Pamela Burton

October 10, 1975

By JUDGE ROSCOE B. STEPHENSON, JR.

Mrs. Burton has moved the court to quash the suggestion in garnishment, alleging that both the service of process and the subsequent default judgment recovered against her by plaintiff are void.

The sheriff's return states that Mrs. Burton was not found at her usual place of abode and that the process was delivered to her daughter who was a member of her family above the age of sixteen years. At the time of the service, and for several months prior thereto, Mrs. Burton, having separated from her husband, was not living in the home where the process was delivered. She was residing in the City of Roanoke at that time. She was twenty-five years of age at the time, and her only child, a daughter, was five years of age.

The court, therefore makes the following findings of fact.

1. The service was not made at "her usual place of abode" as required by § 8-51 of the Code of Virginia, 1950, as amended.[1]

---

[1] Section 8-51. Mode of serving notice. A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person; or, if he or she be not found at his or her usual place of abode, by delivering such copy and giving information of its purport to any

2. Even if the place of service had been her usual place of abode, the process was not delivered to a member of her family above the age of sixteen years.

The court holds that since the substituted or constructive service failed to comply with the mandatory provisions of Code § 8-51, the service of process is void, not merely voidable. Furthermore, the default judgment rendered upon a void service of process is likewise void. *Fowler v. Mosher*, 85 Va. 421, 7 S.E. 542 (1888); *Finney v. Clark*, 86 Va. 354, 10 S.E. 569 (1889); *Staunton Perpetual B. & L. Co. v. Haden*, 92 Va. 201, 23 S.E. 285 (1895); *Crockett's Admr. v. Etter*, 105 Va. 679, 54 S.E. 864 (1906); *Washburn v. Angle Hardware Co.*, 144 Va. 508, 132 S.E. 310 (1926); *Narrows Grocery Co. v. Bailey*, 161 Va. 278, 170 S.E. 730 (1933); *Earle v. McVeigh*, 91 U.S. 503 (1875); 44 Va. L. Rev. 654.

Since the judgment is void, Mrs. Burton's motion to quash the suggestion in garnishment is sustained.

person found there, who is a member of his or her family, other than a temporary sojourner, or guest, and above the age of sixteen years; or if he or she, or any such person be not found there, by leaving such copy posted at the front door of such place of abode.