GERRY LILIENFIELD, ET AL.

V.

JAMES BAROFF

Record No. 870455

April 21, 1989

Present: All the Justices

H. Kendrick Sanders (Gilliam, Sanders & Brown, on brief), for appellants.

Harvey H. Perritt, Jr. (Elaine M. Deering; Edward N. Reiner, on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

The central issue in this appeal is whether the trial court erred in requiring the posting of a cash bond as a condition to the exercise of its discretion to permit late filings pursuant to Rule 1:9 of this Court.

In 1985, Crossland Savings F.S.B. (Crossland) sued James Baroff on two promissory notes demanding payment of principal, interest, and attorneys' fees. In July 1986, Baroff filed a third-party motion for judgment seeking indemnification and other relief from several parties including Gerry Lilienfield and City Wide Development Corporation, the appellants (hereinafter collectively Lilienfield). Lilienfield was served pursuant to the long arm statute. *See* Code §§ 8.01-328 to -330. He did not respond within 21 days of service and thereupon went into default. Rule 3:5.

In September 1986, Baroff filed a motion for entry of default judgment against Lilienfield. In October 1986, Lilienfield filed a motion for leave to file responsive pleadings. He represented, in the motion, that the law firm which he thought would represent him in the case had not been able to do so because of a conflict. He represented further that he had retained other counsel who desired to file responsive pleadings. He also represented that he had "meritorious, bona fide defenses to the action and no prejudice [would] result to the third-party plaintiff by [permitting] the filing of responsive pleadings."

Crossland's counsel filed an affidavit in support of the motion for default judgment in which he averred that Crossland had obtained a judgment against Baroff in federal court and had been instructed to collect the judgment from Baroff. Crossland's counsel averred further that Crossland would be prejudiced by a delay

in the action. No specifics concerning this claim of prejudice were set forth.

Crossland also filed a memorandum in support of the motion for default judgment. The memorandum accused Lilienfield of engaging in "patterns or schemes of fraud" in connection with certain loans; of being a frequent litigant who "abuse[d] the processes of the courts to the maximum degree possible;" of concealing the true value of his assets when it suited his purposes; of having "several very large judgments and IRS liens against" him; and of attempting to engage in similar conduct in the instant suit. Crossland urged the trial court to refuse Lilienfield's request for an extension of time.

The trial court took a different course. Instead of simply granting or denying the request for extension of time, the trial court granted permission for a late filing but only on the condition that Lilienfield post a $100,000 bond.

Lilienfield moved that the trial court reconsider its ruling. After argument on the motion to reconsider, the trial court issued an order dated November 17, 1986, confirming its earlier ruling. In that order, the trial court stated that it was "extremely concerned that the third-party defendant Gerry Lilienfield would seek to abuse the process of the Court." Nevertheless, the trial court expressed great concern about entering a default judgment: "The Court feels that default judgments should rarely be entered when defendants come forward to present a bona fide defense, and has been extremely hesitant to enter a default judgment in this case." The trial court then disposed of the matter as follows: "[T]he Court will deny the Motion for Reconsideration, and order that the third-party defendants post a $100,000 cash or surety bond . . . as a condition of being given leave to file their answer late, failing which the third-party plaintiff shall be granted judgment by default . . . ."

Lilienfield was unable to post the bond. He was not permitted to file responsive pleadings. Default judgment was entered against him. And, after a hearing, a judgment awarding total damages of approximately $100,000 was entered in Baroff's favor against Lilienfield. The damages consisted in part of $10,000 for lost business reputation; $25,000 in punitive damages; and $14,037.70 in attorneys' fees.

On appeal, Lilienfield challenges various aspects of the damage award along with the trial court's decision to impose a condition

on his being permitted to file late pleadings. In the view we take of the case, we need not reach the questions concerning damages.

Rule 1:9 reads in pertinent part as follows: "The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired . . . ." Lilienfield argues that the rule nowhere gives a trial court authority to impose any condition on the exercise of its discretion to allow an extension of time to file pleadings. He argues further that the imposition of such conditions might lead to unfairness in that all but wealthy litigants might be kept out of court. Baroff argues, on the other hand, that if a trial court has discretion to say "yes" or "no," it follows that it has discretion to say "yes, on condition." We disagree.

We dispose of this question on the plain language of Rule 1:9. It says "*time . . . may be extended* by the court *in its discretion.*" (Emphasis added.) It does not say, for example, that trial courts are given discretion to decide questions of late filing as the courts may deem appropriate. In other words, Rule 1:9 gives the trial courts discretion, but it is a circumscribed discretion, not a broad discretion. It is the discretion to grant or deny an extension of time; that is the extent of it. We hold that the trial court had no authority to require Lilienfield to post a bond as a condition of being granted an extension of time in which to file pleadings.

Here, the trial court granted an extension of time but added a condition. The effect of our holding is that the condition must be deleted. The extension of time stands. The record shows that Lilienfield filed his responsive pleadings well before the date set forth in the trial court's order which granted leave coupled with the improper condition. On remand, the parties will be treated as if issue were joined from the date of the filing of the responsive pleadings and the case will proceed in the normal course thereafter.

The order awarding damages will be vacated. The order awarding a default judgment will likewise be vacated. So much of the order which granted an extension of time will be affirmed. And the case will be remanded for further proceedings consistent with this opinion.

*Affirmed in part,*
*vacated in part,*
*and remanded.*