Present: All the Justices

DANIEL H. SACHS

v. Record No. 960214    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                September 13, 1996
MONICA HORAN, GENERAL
REGISTRAR OF FAIRFAX COUNTY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Jr., Judge

In this appeal, we consider whether the trial court erred in ruling that the General Registrar of Fairfax County, Monica Horan (the registrar), properly cancelled Daniel H. Sachs' voter registration.

Sachs registered to vote in Fairfax County in 1984. In 1991, he purchased a house in the Springfield area of the county, where he lived for approximately three years.

In April 1994, Sachs entered into an employment contract with the United Mine Workers of America, which required him to work in Russell, Wise, and Buchanan Counties. The original term of the contract was for one year, after which either party could terminate the agreement on giving 90 days written notice. At the time of the proceedings in the trial court, Sachs remained employed under this contract.

Sachs rented a house in Abingdon, Washington County, in April 1994 and leased his house in Springfield. He currently pays real property taxes to Fairfax County for the Springfield property, which remains under lease.

Sachs' automobile is registered in Fairfax County and he pays personal property tax to Fairfax County on the vehicle. His motor vehicle operator's license bears the address of the

Springfield house.  Sachs is seeking employment in the Washington, D.C. metropolitan area and hopes to return to live in his house in Springfield.

In November 1994 and February 1995, Sachs voted in Fairfax County by absentee ballot.  The registrar mailed the absentee ballots to Sachs at his home address in Abingdon.

On February 13, 1995, pursuant to Code § 24.2-429,[1] the registrar posted a notice at the Fairfax County Courthouse, which stated her intent to cancel Sachs' voter registration, and published the notice in a newspaper of general circulation.  The registrar also mailed a letter to Sachs at the Springfield address, stating the reasons for her decision to seek cancellation of his voter registration in Fairfax County.  Sachs did not receive this letter or respond to either of the public

---

[1]Code § 24.2-429 provides, in relevant part, that

> [w]henever a registered voter is alleged to be improperly registered . . . by the general registrar[,] . . . the registrar shall post at the courthouse or publish in a newspaper of general circulation in his county or city the name of the registered voter on a list of persons whose registrations are to be cancelled by the general registrar. . . . In addition to the posted or published list, the general registrar shall send a notice by mail to the last known address of each registered voter on the list, stating the reasons provided by law for the cancellation, the facts on which the cancellation is based, and when the registrar . . . will hear testimony produced for or against the right of persons named in the notice to be retained on the registration records. . . . If the registered voter so challenged fails to appear and defend his right to be registered, his registration shall be cancelled by the general registrar.

notices.

On September 23, 1995, Sachs applied for an absentee ballot for the general election in 1995. However, on September 27, 1995, the registrar informed him that his voter registration had been cancelled.

Sachs appealed the cancellation of his voter registration to the trial court pursuant to Code § 24.2-430.[2] The trial court ruled that Sachs had the burden of proving that he was qualified to vote in Fairfax County. After considering the evidence presented, the trial court ruled that Sachs was not a resident of Fairfax County and upheld the registrar's decision cancelling his voter registration.

On appeal, Sachs first asserts that the trial court erred in assigning him the burden of proving that he was qualified to vote in Fairfax County. Sachs contends that the trial court should have required the registrar to prove that he no longer met the voter registration requirements. He also argues that the evidence is insufficient to support the trial court's finding

---

[2]Code § 24.2-430 provides, in relevant part, that "[a]ny person whose registration was cancelled in accordance with the decision of the general registrar pursuant to Code § 24.2-429, shall have the right of appeal . . . to the circuit court of the county or city in which he offers to register."

that he is not qualified to vote in Fairfax County.[3]

In response, the registrar contends that Sachs had the burden of proving that he was qualified to vote in Fairfax County, and that he failed to meet this burden of proof.  We agree with the registrar.

When a prospective voter's right to vote in a given locality is challenged, he has the burden of proving that he meets the registration requirements.  Kegley v. Johnson, 207 Va. 54, 57, 147 S.E.2d 735, 737 (1966).  Thus, when a voter's registration is cancelled under Code § 24.2-429, and he appeals the decision to the circuit court under Code § 24.2-430, the voter bears the burden of proving that he is qualified to vote in that locality.  See id.  When requesting the court to act in his favor, the voter must prove the facts which establish that he is entitled to the relief sought.  See United Dentists, Inc. v. Commonwealth, 162 Va. 347, 355-56, 173 S.E.2d 508, 510-11 (1934); 9 John H. Wigmore, Evidence in Trials at Common Law, § 2485, at 283-86 (Chadbourn rev. 1981).

Before an individual can qualify to vote in Virginia, he

_____

[3]Sachs also asserts that the registrar failed to comply with the cancellation procedures set forth in Code § 24.2-429, and that these procedures violate his due process rights.  However, since the record does not show that Sachs raised these issues at trial, we will not consider them on appeal.  Rule 5:25.

must be a resident both of the Commonwealth and of the locality in which he seeks to vote.  Va. Const. art. II, § 1; Code § 24.2-417.  "Residence, for all purposes of qualification to vote, requires both domicile and place of abode."  Va. Const. art. II, § 1.  To establish domicile, a person must live in a particular locality with the intention to remain there for an unlimited time.  State-Planters Bank & Trust Co. v. Commonwealth, 174 Va. 289, 295, 6 S.E.2d 629, 631 (1940).  A place of abode is the physical place where a person dwells.  See Black's Law Dictionary 7 (6th ed. 1990).

An individual who meets the Constitutional requirements may register to vote in the established locality.  Va. Const. art. II, § 2.  However, to retain eligibility to vote in that locality, the voter must continue to dwell in the locality with an intention to remain there for an unlimited time.  See Kegley, 207 Va. at 57, 147 S.E.2d at 737.  A registrar may cancel a voter's registration if that individual does not continue to meet these requirements.  See Code § 24.2-429.

Here, the evidence at trial showed that Sachs is no longer qualified to vote in Fairfax County.  Although Sachs presented evidence that he owns a house in Springfield, the evidence is unrefuted that he has leased the property to others and does not dwell there.  The fact that Sachs lists the Springfield address on his motor vehicle operator's license, pays personal property tax on his automobile to Fairfax County, and is seeking

employment in the Washington, D.C. metropolitan area, does not alter the conclusion that he is not a domiciliary of Fairfax County, because he does not live in that locality with the intent to remain there for an unlimited time.  Further, Sachs does not have a place of abode in Fairfax County.  Thus, we conclude that the trial court did not err in ruling that the registrar properly cancelled Sachs' voter registration.

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed.</u>