# CIRCUIT COURT OF ROCKINGHAM COUNTY

Ronald Ward Dispanet

v.

Nettie J. Dispanet

### January 30, 2001

### Case No. (Chancery) CH00-17678

BY JUDGE JOHN J. MCGRATH, JR.

This matter has come before the Court on Respondent's Motion, under § 8.01-428 of the Code of Virginia, to Set Aside a final Decree of Divorce entered on March 28, 2000, alleging that the final decree was void for lack of jurisdiction because proper service was never obtained on the Respondent.

The facts are essentially undisputed. On January 7, 2000, Complainant, Ronald Ward Dispanet, filed in this Court a Bill of Complaint for Divorce, naming Nettie J. Dispanet as the Respondent. In that Bill of Complaint, the Complainant, Ronald Ward Dispanet, represented that the Respondent, Nettie J. Dispanet, resided at 9091 Congress St., Apt. # A-3, New Market, Virginia. The Complainant requested service of a Subpoena in Chancery with a copy of the Bill of Complaint and a Notice of Depositions be made on the Respondent, Nettie J. Dispanet, at 9091 Congress Street, Apt. # A-3, New Market, Virginia. A proof of service along with a return of service, signed by the Deputy Sheriff of Shenandoah County, was returned and filed on January 11, 2000, showing that "being unable to make personal service," the Deputy Sheriff served the above papers by "post[ing] them on the front door or such other door as appears to be the main entrance of the usual place of abode, address listed above." Additionally, the Complainant, Ronald Ward Dispanet, through his attorney, mailed a ten-day notice first-class mail, to the Respondent, Nettie J. Dispanet, at the Congress Street address.

Upon the depositions taken and filed with the Court, a final decree of divorce was entered by this Court on March 28, 2000, ordering, adjudging, and decreeing that the Complainant and Respondent be divorced from the bonds of matrimony as a result of their having lived separate and apart for a period in excess of one year pursuant to § 20-91(A)(9) Code of Virginia (1950), as amended.

On July 5, 2000, Respondent, Nettie J. Dispanet, filed with this Court a Motion to Set Aside the Decree, pursuant to Va. Code § 8.01-428. Section 8.01-428(A) of the Code of Virginia provides:

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

The Respondent contends that the decree by this Court is a void judgment because of the lack of service on her. Respondent correctly notes that under Virginia law, a judgment "without personal service of process within the state issuing it, or with service of process in a manner not authorized by law [is a] void judgment." *See Garrity v. Virginia Dept. of Social Service ex rel. Sinifit,* 11 Va. App. 39, 42, 396 S.E.2d 150 (1990) (citing *Finkel Outdoor Products, Inc. v. Bell,* 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965)). The terms of a constructive service of process statute must be complied with strictly. *See Wilson v. Wilson,* 9 Va. Cir. 508 (1982) (citing *Crockett v. Etter,* 105 Va. 679 (1906)). Furthermore, "[a] party may assail a void judgment at any time, by either direct or collateral assault'." *See Garrity* at 42, (quoting *Morse v. Commonwealth,* 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988)). Therefore, if the Court determines that service of process was affected on the Respondent in a manner not authorized by law, then the Court must set aside the decree as a void judgment.

The Respondent, Nettie J. Dispanet, contends that the process in this matter was not posted at her "usual place of abode" because she had permanently abandoned the residence where the process was posted. Therefore, the Respondent contends she was served in a manner not authorized by law, making the decree void. It is well established that a temporary absence from the usual place of abode at the time of service by posting will not invalidate the effectiveness of that service. *See Spiegelman v.*

*Birch*, 204 Va. 96, 97 (1963). In *Spiegelman*, the court held that a two-month's absence from a permanent residence was only a temporary absence and that the motion to dismiss for lack of service of process was properly overruled. *See Spiegelman* at 97. On the other hand, service of process by posting is null, "if it appears by competent evidence that the house was not the usual place where the defendant or his family resided at the time the notice was posted." *See Earle v. McVeigh*, 91 U.S. 503, 23 L. Ed. 398 (1875); *cf. N. I. Washburn v. Angle Hardware Co.*, 144 Va. 508, 515, 132 S.E. 310 (1926). Therefore, the "fact of actual abandonment of a place of residence as one's place of abode would be sufficient to prevent future valid service of process by posting at that place, regardless of the motive for abandoning it as such." *See Wilson v. Wilson*, 9 Va. Cir. 508 (1982) (in which Judge Woltz carefully analyzes this and related issues).

This Court held an ore tenus hearing on this matter on January 17, 2000. The Respondent has the burden of proof to show that Va. Code § 8.01-296 was not strictly complied with and that, therefore, service of process was conducted in a manner not authorized by law. As indicated, *supra*, there was a return of service of process filed with this Court indicating service of process by posting, along with a mailed notice of default judgment. Pursuant to Va. Code § 8.01-326:

> No return shall be conclusive proof as to service of process. The return of a sheriff shall be prima facie evidence of the facts therein stated, and the return of a qualified individual under subdivision 3 of § 8.01-293 shall be evidence of the facts stated therein.

Va. Code § 8.01-326.

The Complainant, Ronald Ward Dispanet, testified under oath that he, in good faith, believed that the Congress Street address was the current address of the Respondent, Nettie J. Dispanet, at time the Bill of Complaint was filed with this Court and service of process issued. Because Complainant was under a Domestic Relations Protective Order issued by the Juvenile and Domestic Relations Court which prohibited him from having any contact with his wife, he had not made any effort to determine if she had moved before filing the suit for divorce.

On the other hand, the Respondent testified, under oath and without contradiction, that, at the time of service of process by the Complainant, she was residing at 861 Battlefield Bluff Drive, New Market, Virginia 22844. Respondent produced her driver's license, issued on February 19, 1999, which indicates her current address to be 861 Battlefield Bluff Drive, New Market,

Virginia 22844 (*See* Defendant's Exhibit # 1), and she testified that she permanently moved from the Congress Street address at which service of process was posted in the latter part of December of 1998, and has continuously lived at her current Battlefield Bluff Drive address since that time. The Respondent also produced a corroborating witness to testify that she had permanently moved out of the Congress Street apartment in December of 1998.

In this case, the Court finds that posted service was attempted at what Complainant, Ronald Ward Dispanet, in good faith, believed to be Respondent Nettie J. Dispanet's "last known address." *See* Va. Code § 8.01-290. However, because the last known address proved not to be the Respondent's "usual place of abode" (*See* Va. Code § 8.01-296(2)), the substituted service was defective. Therefore, the Court finds that the Respondent has overcome the Complainant's *prima facie* evidence that service of process was conducted according to the facts stated in the return of process and finds that the Respondent has met her burden of proof. The Court finds that the Congress Street address, where process was posted, was not the Respondent's "usual place of abode," because Respondent had actually abandoned that residence as her usual place of abode. The service of process was in a manner not authorized by law and consequently is null and void, and the Court, therefore, was without jurisdiction to enter the Order of March 28, 2000. The Decree of Divorce entered by this Court on March 28, 2000, is void and is now set aside by this Court in accordance with Va. Code § 8.01-428.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Warren A. Picciolo, Esquire, Counsel for the Complainant, and Kathleen M. Mizzi Todd, Esquire, Counsel for the Respondent.