# CIRCUIT COURT OF THE CITY OF NORFOLK

Bonnie C. Drewry

v.

Carol Nottingham et al.

March 22, 2004

Case No. (Law) CL02-1480

BY JUDGE MARC JACOBSON

Hugh Dixon Wolcott, M.D., moves to dismiss the instant case as to him on the ground that he was not "served with the document entitled 'Motion for Judgment' until June 25, 2003, a period of time more than one year beyond the date of the filing of the June 21, 2002, Motion for Judgment." (Mot. to Dismiss and Points of Authority in Supp. ¶ 2.) The Notice of Motion for Judgment and the Motion for Judgment were posted on June 20, 2003, on the door of 835 Botetourt Gardens, Norfolk, Virginia, which Plaintiff Bonnie C. Drewry alleges to be Wolcott's "usual place of abode."

The Court has considered the testimony and evidence produced before the Court, Memoranda submitted by counsel, and arguments of counsel.

Virginia Code § 8.01-296 provides:

In an action at law or in equity or any other civil proceeding in any court, process, for which no particular mode of service is prescribed, may be served upon natural persons as follows:

1. By delivering a copy thereof in writing to the party in person; or

2. By substituted service in the following manner:

a. If the party to be served is not found at his *usual place of abode*, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of sixteen years or older; or

b. *If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode,* provided that not less than ten days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

(Emphasis added.)

It is appropriate, at the threshold, to distinguish "place of abode" from "domicile" and "last known address," two phrases of similar meaning with which "place of abode" is often confused.

Domicile is "residence at a particular place, accompanied by intention to remain there for an unlimited time. Both residence and intention to remain there must concur to constitute domicile." *State-Planters Bank & Trust Co. v. Commonwealth*, 174 Va. 289, 295, 6 S.E.2d 629, 631 (1940); *see Sachs v. Horan*, 252 Va. 247, 250, 475 S.E.2d 276, 278 (1996). Therefore, a person can have only one domicile; however, "place of abode" has been defined as "present dwelling place," which is synonymous with the term "residence." A person may have more than one abode, but only one domicile. *See* 1992 Op. Va. Att'y Gen. 108 (Sept. 9, 1992).

"Place of abode" differs from "last known address," in that, it is possible that the latter may not be an abode at all. If a person has abandoned a residence as his place of abode, but that residence is still his last known address, it is not the appropriate place for service of process and such service is "null and void." *See Washburn v. Angle Hardware Co.*, 144 Va. 508, 515, 132 S.E. 310, 312 (1926); *Dispanet v. Dispanet*, 54 Va. Cir. 451, 454 (Rockingham County 2001).

Since a person can have more than one abode, it is necessary to analyze the meaning of "*usual* place of abode." "Usual" is defined in *Black's Law Dictionary* as "Ordinary; customary ... [e]xpected based on previous experience." "Usual place of abode" is defined by *Ballentine's Law Dictionary* as "The place at which a person usually lives ... [t]he place where a person is usually to be found, at least during some part of the day ... [or, a] person's customary or settled place of residence as distinguished from a

place where he may be sojourning temporarily." Usual place of abode "connotes some degree of permanence or continuity." *Dubai Bank, Ltd. v. Abbas*, [1997] Int'l Litig. Proc. 308, 311–12 (Eng. C.A. 1996). "Last home, or residence, or place of abode, are not synonymous with *usual* place of abode ... and ... in making substituted service ... the copy of notice must be left at the defendant's usual place of abode and not elsewhere." *Finn v. Fancher*, 37 Va. Cir. 449, 455 (Stafford County 1996) (quoting *Washburn*, 144 Va. at 515, 132 S.E.2d at 314) (emphasis added). Plaintiff cites *Nationwide Mutual Ins. Co. v. Robinson*, 36 Va. Cir. 193 (Richmond City 1995), as persuasive authority; however, *Nationwide Mutual* is distinguishable from the instant case because it dealt with the issue of "residence," not "usual place of abode." As discussed above, although the term "residence" is closely related to "place of abode," both are not synonymous with "*usual* place of abode." *See Finn*, 37 Va. Cir. at 455.

A temporary absence from a usual place of abode at the time of service by posting will not invalidate the effectiveness of that service. *Dispanet*, 54 Va. Cir. at 452; *see Spiegelman v. Birch*, 204 Va. 96, 97, 129 S.E.2d 119, 119 (1963). In *Spiegelman*, the Supreme Court of Virginia held that a two-month absence from a permanent residence was only a temporary absence and, therefore, the motion to dismiss for lack of service of process was properly overruled. *Id.* However, "if it appears by competent evidence that the house was not the usual place where the defendant or his family resided at the time the notice was posted," service of process is null and void. *Dispanet*, 54 Va. Cir. at 453 (quoting *Earle v. McVeigh*, 91 U.S. 503, 509–10 (1875)); *cf. Washburn*, 144 Va. at 515, 132 S.E. at 312.

Wolcott has submitted seven exhibits showing his address to be 1202 Yancey Circle, Virginia Beach, Virginia; these exhibits include: (1) Phone Bill; (2) Power Bill; (3) Cavalier Golf & Yacht Club Bill; (4) Landscaping Bill; (5) 2002 Income Tax Return; (6) Virginia Drivers License; and (7) Vehicle registration card. The Court concludes that 1202 Yancey Circle, Virginia Beach, Virginia, is Wolcott's usual place of abode; therefore, the service of process at 835 Botetourt Gardens, Norfolk, Virginia, is void unless saved by Virginia's curing statute.

The curing statute provides:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Virginia Code § 8.01-288. The language of Code § 8.01-288 evidences a legislative intent to exclude services of process from its saving provision only in certain limited instances; thus, this cure applies to actions unless a particular statute specifically provides that it will not apply. *Bendele ex rel. Bendele v. Commonwealth*, 29 Va. App. 395, 398, 512 S.E.2d 827, 828 (1999). However, to be saved by the curing statute, service of process must "reach[ ] the person to whom it is directed within the time prescribed by law." Virginia Code § 8.01-288. In the instant case, the curing statute cannot save the service of process because process did not actually reach Wolcott until June 25, 2003, which was more than one year after the filing of the Motion for Judgment.

Further, it has not been shown that the Plaintiff used due diligence to obtain service within the one-year period prescribed by law. "Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant." Virginia Code. § 8.01-275.1; *see* R. Sup. Ct. Va. 3:3 (2003); *see also Doulgerakis v. Cooper*, 57 Va. Cir. 326, 328 (Newport News 2002); W. Hamilton Bryson, *Virginia Civil Procedure* 109 (3d ed. 1997).

The Supreme Court of Virginia has stated that due diligence means: "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and exercised by, a reasonable and prudent man under the particular circumstances, not measured by any absolute standard, but depending on the relative facts of the special case." *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990). In the case *Marshall v. McDaniel*, former Justice Roscoe B. Stephenson described due diligence as "the application of a constant effort to accomplish an undertaking; it is that constancy or steadiness of purpose ... which is usual with men engaged in like enterprises, who desire speedy accomplishment of their designs ... the doing of an act or series of acts with practical expediency and without delay." *Marshall v. McDaniel*, 9 Va. Cir. 369 (Bath County 1974) (quoting *United States v. Midway Northern Oil Co.*, 232 F. 619, 626 (S.D. Cal. 1916)).

In the instant case, evidence has not been produced by Plaintiff showing that her actions in regard to service of process meet the standard of due diligence. The Motion to Dismiss as to Wolcott is granted.