# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Justin Stewart,
by GEICO,
subrogee

v.

Kevin Brown

November 23, 2015

Case No. (Civil) CL12-1415

BY JUDGE TIMOTHY S. WRIGHT

This matter is before the Court on the defendant's motion to quash and the plaintiff's motion for default judgment. The parties were requested to submit supplemental briefing by November 14, 2015, but the Court, having received none, now issues the following ruling denying both motions.

The defendant allegedly ran over the plaintiff's foot in the parking lot of the BP gas station on Hanbury Road. The defendant was an uninsured motorist, and GEICO is the plaintiff's UIM carrier. Having paid the plaintiff $50,000, GEICO seeks to recover this amount from the defendant.

The defendant argues that the plaintiff failed to exercise due diligence in locating him. At all times following the May 30, 2012, accident, the defendant alleges that he resided in Wilmington, North Carolina, and did not return to his parents' residence in Chesapeake until 2014. The plaintiff knew of the defendant's actual residence, and this knowledge is imputed to GEICO, the plaintiff maintains.

The defendant presented evidence of his residence during the relevant period: transcripts and tuition receipts from Cape Fear Community College, a W-2 showing a Wilmington, North Carolina, address, and an affidavit. However, the plaintiff presented a Virginia Department of Motor Vehicles transcript of driver history showing that the defendant's residence as of May 21, 2013, was his parents' home in the City of Chesapeake. An accompanying transcript as of September 18, 2014, showed that the defendant had a valid Virginia driver's license with his parents' address

from January 25, 2010, until April 29, 2013. Furthermore, the Cape Fear Community College materials submitted by the defendant indicate that he was paying out-of-state tuition.

The Court, therefore, finds that the defendant's residence as of June 12, 2012, the time of service, was 1101 Holbrook Trace, Chesapeake, VA 23322. The question of whether this was his usual place of abode under Va. Code § 8.01-296(2)(b) remains, however. *See, e.g., Johnston v. Robinson,* 75 Va. Cir. 137, 138 (Amherst Cnty. 2002) ("*Black's Law Dictionary* . . . defines 'abode' as '(A) home; a fixed place of residence.' The word 'usual' is defined as '[O]rdinary, customary'." (quoting *Black's Law Dictionary* (2d Pocket Ed. 2001)).

> Last home, or residence, or place of abode, are not synonymous with usual place of abode, etc., and, as we have seen, in making substituted service, under the statute, the copy of the notice must be left at the defendant's usual place of abode and not elsewhere.

*Washburn v. Angle Hardware Co.*, 144 Va. 508, 515 (1926).

> "Usual place of abode" is defined by *Ballentine's Law Dictionary* as "The place at which a person usually lives [PSI] the place where a person is usually to be found, at least during some part of the day [PSI] [or, a] person's customary or settled place of residence as distinguished from a place where he may be sojourning temporarily."

*Drewry v. Nottingham*, 64 Va. Cir. 269, 270–71 (Norfolk City 2004) (internal citations and quotation marks omitted).

> It is well established that a temporary absence from the usual place of abode at the time of service by posting will not invalidate the effectiveness of that service. . . . On the other hand, service of process by posting is null, if it appears by competent evidence that the house was not the usual place where the defendant or his family resided at the time the notice was posted. Therefore, the fact of actual abandonment of a place of residence as one's place of abode would be sufficient to prevent future valid service of process by posting at that place, regardless of the motive for abandoning it as such.

*Dispanet v. Dispanet*, 54 Va. Cir. 451, 452–53 (Rockingham Cnty. 2001) (internal citations and quotation marks omitted).

In the instant case, the evidence established that the defendant's absence from the Commonwealth was temporary: from July 1, 2011, to September 1, 2013. However, this temporary absence is of much longer duration than

that considered by the Supreme Court of Virginia in *Spiegelman v. Birch*, 204 Va. 96 (1963). *Id.* at 97 (holding that the defendant's usual place of abode remained in Virginia during his two-month trip to Florida).

Nevertheless, a review of decisions from other jurisdictions reveals that "A usual place of abode may be a college student's permanent home address while the college student is away at college." *See, e.g., Ali v. Mid-Atlantic Settlement Servs.*, 233 F.R.D. 32, 36–37 (D. D.C. 2006); *Hubbard v. Brinton*, 26 F.R.D. 564, 565 (E.D. Pa. 1961); *but see, e.g., Thoenes v. Tatro*, 529 P.2d 912, 918 (Ore. 1974) ("It is to be noted, then, that the question of what constitutes defendant's 'usual place of abode' is not one of abstract definition, but must be answered with the notice requirements of due process clearly in mind.").

Accordingly, the Court finds that posted service at the defendant's address was valid and denies the motion to quash. The Court, therefore, need not address issues regarding due diligence or imputed knowledge of the defendant's presence in North Carolina.

However, given the unusual procedural posture of this case, the Court declines to award default judgment against the defendant. The defendant filed a motion to quash on March 11, 2013, in the matter, which was not noticed for argument until the following year. Apparently, neither party sought issuance of an order regarding this hearing, or set the matter for a follow-up hearing until 2015. The Court, in consideration of this history, declines to award default judgment and grants the defendant an extension of time for the filing of responsive pleadings. *See* Rule 1:9; *Lilienfield v. Baroff,* 237 Va. 617, 620 (1989).