## Estate of A.T. Taylor, et al.

### v.

## Flair Property Associates, et al.

Record No. 931255

September 16, 1994

Present: All the Justices

*Stephen G. Test (James T. Lloyd, Jr.; Clark & Stant,* on briefs), for appellants.

*Barry Randolph Koch (McCardell & Inman,* on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this breach of contract case is whether the trial court erred in granting a motion to strike the evidence based on its conclusion that the plaintiff had failed to establish sufficient evidence of its damages.

In February 1986, the Estate of A.T. Taylor (Taylor) entered into a written contract with Flair Property Associates (Flair) for the sale to Flair of two parcels of undeveloped real property in the

City of Virginia Beach. The agreed purchase price was $939,900. Taylor retained ownership of two parcels of undeveloped land adjacent to the property being sold to Flair.

Taylor and Flair later amended their contract to provide that Flair would construct a sewer system on the land being conveyed, which would benefit Taylor's retained parcels. The amended contract provided:

> Seller [Taylor] agrees to reduce the purchase price by SIXTY THOUSAND DOLLARS ($60,000) in consideration of Buyer's [Flair's] bringing City sewer service from the existing pump station, at the southwest corner of the Derby Run Mobile Trailer Park, down an easement between Harper Square Apartments and Derby Run Mobile Trailer Park and, in addition, Buyer constructing three sewer stubouts . . . as more specifically set forth in the engineering plans . . . made a part of this Amended Agreement.

In the amended contract, the parties further agreed that Flair would complete this work within 12 months of the October 29, 1986 closing date.

The property was conveyed to Flair pursuant to the amended contract. However, despite several written demands by Taylor, Flair never constructed the improvements and eventually sold the property to another entity. In September 1991, Taylor and its successors in interest filed a motion for judgment against Flair and its general partners, seeking damages for breach of contract for the "cost for construction and installation of the sewer line," plus interest and costs.

In a bench trial, the parties stipulated that Flair did not construct any portion of the sewer system required by the amended contract. The only issue that Flair raised at trial was whether Taylor had proved its damages.

In presenting its case, Taylor placed several documents into evidence, including the contract, the amended contract, and Taylor's written demands for compliance. However, Taylor rested its case without introducing into evidence either of two written engineering estimates reflecting the cost to construct the sewer improvements. Further, none of the witnesses presented by Taylor testified as to the amount of these estimates.

After Taylor concluded its case in chief, Flair moved to strike the evidence, arguing that Taylor had presented "no proof of any damages whatsoever." The trial court overruled the motion and Flair presented evidence on its own behalf.

James R. Fox, a civil engineer previously employed by Talbot & Associates, Ltd., testified that he prepared two sewer construction estimates for Flair. In his final written estimate, introduced into evidence by Flair, Fox estimated that the total cost of bringing the sewer from the pump station would be $156,450.

During cross-examination, Taylor's counsel had Fox identify his earlier, less-detailed written estimate for the same job, which put the projected cost of this construction at $63,600. On motion of Taylor's counsel, the trial court received this estimate into evidence.

Fox also testified that his estimates represented "in the area of what we feel the cost should be to install these improvements, and the owner or developer at that time normally would go out and secure two or three bids from various contractors to get an actual cost." He stated that his cost estimates are based on information compiled by Talbot & Associates from bids for similar work.

Fox also stated that these estimates incorporated the cost of ten-inch pipe, rather than eight-inch pipe. The larger pipes were required to accommodate the residential apartment construction contemplated by Flair on its own parcel. Fox testified that, if Flair had not intended to develop its property as an apartment complex, less expensive eight-inch sewer pipe suitable for property zoned for business use could have been employed to serve the Taylor parcels.

At the conclusion of all the evidence, Flair renewed its motion to strike. After taking the case under advisement, the trial court granted the motion to strike based on its finding that Taylor had not adequately proved its damages. This appeal followed.

Taylor argues that the trial court erred in striking its evidence and contends that evidence of the $60,000 reduction in purchase price constituted proof of its damages for the work not performed by Flair. Since the amount of this price reduction was agreed to by both parties based on Fox's estimates of the cost to complete the work, and since those estimates were received into evidence, Taylor argues that it sufficiently proved damages in the amount of $60,000.

In response, Flair argues that Taylor was required to prove the actual cost to complete the construction of the sewer system. Flair contends that Taylor did not present sufficient evidence to satisfy this measure of damages.

Initially, we review the procedural context in which this issue arises. Since Flair introduced evidence on its own behalf following its motion to strike at the conclusion of Taylor's case, Flair has waived its right to rely on that first motion. *Spiegelman v. Birch*, 204 Va. 96, 97, 129 S.E.2d 119, 120 (1963); *Carroll v. Richardson*, 201 Va. 157, 158, 110 S.E.2d 193, 194 (1959); *Interstate Veneer Co. v. Edwards*, 191 Va. 107, 110, 60 S.E.2d 4, 6 (1950). Thus, in determining whether the trial court erred, we consider all the evidence, instead of only the evidence presented in the plaintiff's case-in-chief. *Spiegelman*, 204 Va. at 97, 129 S.E.2d at 120; *Interstate Veneer Co.*, 191 Va. at 110, 60 S.E.2d at 6. In doing so, we view the evidence in the manner that will give Taylor " 'the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom.' " *Hadeed v. Medic-24, Ltd.*, 237 Va. 277, 280-81, 377 S.E.2d 589, 590 (1989) (quoting *Matney v. Cedar Land Farms, Inc.*, 216 Va. 932, 933-34, 224 S.E.2d 162, 163 (1976)).

Damages need not be established with mathematical certainty. Rather, a plaintiff is required only to furnish evidence of sufficient facts to permit the trier of fact to make an intelligent and probable estimate of the damages sustained. *Bulala v. Boyd*, 239 Va. 218, 232-33, 389 S.E.2d 670, 677 (1990); *Thomas P. Harkins, Inc. v. Reynolds Assocs.*, 221 Va. 1128, 1131-32, 277 S.E.2d 222, 224 (1981); *Gwaltney v. Reed*, 196 Va. 505, 507-08, 84 S.E.2d 501, 502 (1954).

As Flair has acknowledged, both on brief and in oral argument, the proper measure of damages in this case is the sum that would put Taylor in the same position, as far as money can do it, as if the contract had been performed. *Bryant v. Peckinpaugh*, 241 Va. 172, 178, 400 S.E.2d 201, 205 (1991); *United Va. Bank v. Dick Herriman Ford, Inc.*, 215 Va. 373, 375, 210 S.E.2d 158, 160 (1974). Here, that sum would be the cost to bring the sewer system to the property line as specified in the amended contract.

We reject Taylor's contention that evidence of the $60,000 price reduction, of itself, constituted sufficient proof of its damages. This argument effectively asks us to treat the price reduction as a provision for liquidated damages. Although parties to a con-

tract may agree in advance to an amount of liquidated damages, which will be enforced if it does not constitute a penalty, *301 Dahlgren Ltd. Partnership v. Board of Supervisors*, 240 Va. 200, 202-03, 396 S.E.2d 651, 653 (1990), Taylor and Flair made no such provision here. Therefore, Taylor remains subject to the well-established rule that a plaintiff has the burden to prove the amount of damages with reasonable certainty. *See Dillingham v. Hall*, 235 Va. 1, 3-4, 365 S.E.2d 738, 739 (1988).

■ While Taylor did not present evidence of damages before it rested its case, evidence relevant to the proper measure of damages was introduced through Flair's witness, Fox. Fox's testimony, and his written estimates of the cost of construction, provided the trial court with evidence of the cost to put Taylor in the same position as if the contract had been performed.

■ This evidence concerning the cost of the sewer system was uncontroverted except for testimony suggesting that smaller pipe might be used at less expense. Thus, granting Taylor the benefit of all reasonable inferences from the evidence, as we must in this procedural context, we conclude that the trial court erred in granting the motion to strike. The record as a whole provided sufficient evidence of the amount of Taylor's damages to raise an issue of fact for the trial court's determination.

We note, however, that Flair's argument concerning the size and cost of the sewer pipe is relevant to the weight ultimately to be given the evidence on remand of this case. Therefore, Fox's testimony that eight-inch pipe could be used, as well as the absence of any evidence indicating what reduction in cost could be expected as a result of this change, are facts that the trial court must weigh together with all the other evidence presented.

■ Also, Flair's additional argument, that the sewer improvements could be made at a lower cost by bringing service to the Taylor property from another location, need not be examined here. While we note that Flair presented no evidence of an actual substitute route, or of the cost of using such a route, we do not consider the merits of the argument because it, too, is an attack on the weight ultimately to be given the evidence, rather than its legal sufficiency on the motion to strike. On remand, the trial court must weigh the evidence in the present record and determine the amount of damages, if any, proved by a preponderance of the evidence.

For these reasons, we will reverse the trial court's judgment and remand the case for further proceedings in accordance with the principles expressed in this opinion.*

*Reversed and remanded.*

---

* We do not consider Taylor's argument that the trial court erred in admitting certain parol evidence, since this issue was not raised by separate assignment of error and is not within the scope of the error assigned here. *See* Rule 5:17(c).