## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert M. Duke

v.

Jae Duk Shon

June 17, 1996

Case No. LA-44-1

BY JUDGE RANDALL G. JOHNSON

I have carefully considered the arguments on plaintiff's motion to set aside the jury's verdict, and I have again read the transcript of Mr. Shon's testimony. I have decided to leave the verdict in place.

Basically, plaintiff argues that the verdict must be set aside because even if defendant proved fraud, which, on the basis of the jury's verdict, the court finds that he did, defendant did not prove that he lost any money as a result of that fraud. While plaintiff's argument might prevail if defendant were seeking damages in a cause of action for fraud, defendant's failure to prove damages does not affect the verdict in this case.

This is a breach of contract action. Defendant raised the affirmative defense of fraud. While such a plea places upon the defendant the burden of proving fraud, it does not relieve the plaintiff of the burden of proving *his* case; that is, a breach of the contract and damages resulting from the breach. Here, plaintiff proved a breach of the contract; defendant did not pay what he agreed to pay for plaintiff's business. On the other hand, defendant proved fraud; plaintiff materially misrepresented his cash-flow history during price negotiations. Plaintiff still had the opportunity and burden to prove that in spite of his fraud, he should be compensated for defendant's breach, and the jury obviously believed that he should be. They found, however, that such compensation should only be in the amount of $35,000, not the $105,000 claimed. I find that there is evidence in the record to support that verdict.

As Mr. Rosser argues, the agreed-upon purchase price of $135,000 is roughly one-and-a-half times what plaintiff falsely represented to be the business' yearly cash flow, $87,000. The actual cash flow was $35,448. One-and-a-half times the actual cash flow is $53,172. When that figure is considered in light of the other evidence in the case, particularly evidence of other factors which lowered defendant's earnings independently of plaintiff's fraud, such as defendant's reducing his gasoline prices and not having immediate access to the Virginia Lottery, the jury's verdict of $35,000, which when added to defendant's downpayment of $30,000 yields a purchase price of $65,000, is reasonable. As the Virginia Supreme Court has repeatedly held, "a plaintiff in a contract action is not required to prove the exact amount of his damages, but rather, the plaintiff must show sufficient facts to permit the trier of fact to make an intelligent and probable estimate of the damages sustained." *D. C. McClain, Inc. v. Arlington County*, 249 Va. 131, 143, 452 S.E.2d 659 (1995). *See also Estate of Taylor v. Flair Property Assessments*, 248 Va. 410, 414, 448 S.E.2d 413 (1994); *Harkins v. Reynolds Associates*, 221 Va. 1128, 1131-32, 277 S.E.2d 222 (1981). Although in this case it is the plaintiff, himself, who complains about the jury's verdict, I find that there is ample evidence in the record to conclude that the verdict is a reasonable estimate by the jury of the loss suffered by plaintiff as a result of defendant's breach and in light of plaintiff's fraud. The verdict will stand.