Present:   All the Justices

KATHLEEN MORIARTY WILLIAMS
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 020476                January 10, 2003

KATHARINA CONDIT, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ROSS R. CONDIT, JR.

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Henry E. Hudson, Judge

     In this appeal, we consider whether the circuit court

erred by granting the defendant's motion to strike the

plaintiff's evidence on the basis that the plaintiff failed to

present corroborating testimony as required by Code § 8.01-

397, commonly referred to as the dead man's statute.

     Plaintiff, Kathleen Moriarty Williams, filed her motion

for judgment in the circuit court against Katharina Condit,

personal representative of the estate of Ross R. Condit, Jr.

Plaintiff sought damages for personal injuries that she

allegedly sustained as a result of an automobile accident that

was purportedly caused by the negligence of Ross Condit, who

died after the accident from unrelated causes.

     At a jury trial, plaintiff was the only witness who

testified in her case-in-chief about the circumstances

surrounding the accident.  Plaintiff testified that she was

involved in an automobile accident on December 17, 1997 as she

was driving her car south on Dolly Madison Boulevard in

Fairfax County.  Plaintiff stated that as she approached the

intersection of Dolly Madison Boulevard and Ingleside Avenue, a car entered her lane of travel and collided with her vehicle.

At the conclusion of the plaintiff's case, defendant made a motion to strike the evidence on the basis that plaintiff failed to satisfy the requirements of Code § 8.01-397 because she did not present any evidence that corroborated her version of how the accident occurred. The circuit court took the motion to strike the plaintiff's evidence under advisement.

The defendant presented the testimony of Katharina Condit, who was married to the decedent and was a passenger in a car driven by him when the accident occurred. She testified that when Mr. Condit was driving his car, he approached an intersection, "came to a complete stop and he tried to get across. And I looked, too. There was no car coming. We didn't see anything. And then he proceeded and we got hit."

After Katharina Condit concluded her testimony, the circuit court took a recess. After the recess, the court granted the defendant's motion to strike. Subsequently, the court entered a final judgment, and plaintiff appeals.

Code § 8.01-397, in pertinent part, provides that:

"In an action by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or

2

interested party founded on his uncorroborated testimony."

Plaintiff argues that the circuit court erred by granting the motion to strike because once Katharina Condit, who was a witness to the accident, testified, her testimony satisfied the corroboration requirement of Code § 8.01-397. Responding, defendant argues that the circuit court was required to consider only the evidence presented at the time that the court took her motion to strike under advisement, and that the court could not consider any evidence subsequently presented by the defendant when deciding whether plaintiff satisfied Code § 8.01-397. The defendant contends that when the plaintiff's evidence is considered alone, plaintiff failed to provide any evidence of corroboration as required by Code § 8.01-397.

We disagree with defendant's contention that the circuit court was not required to consider the defendant's evidence when the court ruled on her motion to strike the plaintiff's evidence. We have repeatedly held that if a circuit court grants a defendant's motion to strike the plaintiff's evidence at the conclusion of a trial, we will consider all the evidence, including evidence presented by the defendant. Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997); Estate of Taylor v. Flair Prop. Assoc., 248 Va. 410, 414, 448 S.E.2d 413, 416 (1994); Kendrick v. Vaz, Inc.,

3

244 Va. 380, 384 n.*, 421 S.E.2d 447, 450 n.* (1992); <u>Hadeed</u>

<u>v. Medic-24, Ltd.</u>, 237 Va. 277, 280, 377 S.E.2d 589, 590

(1989); <u>Spangler v. Commonwealth</u>, 188 Va. 436, 438, 50 S.E.2d

265, 266 (1948).  Similarly, we hold that when a defendant

makes a motion to strike at the conclusion of the plaintiff's

case based upon plaintiff's alleged failure to comply with the

dead man's statute, but for some reason, the motion is taken

under advisement, the circuit court is required to consider

all the evidence that has been admitted before ruling on the

motion.[*]  Therefore, in determining whether plaintiff in this

appeal satisfied the corroboration requirement in Code § 8.01-

397, we will consider all the testimony adduced during the

trial, including defendant's testimony presented during her

case.

We have stated that "Code § 8.01-397 is designed to

prevent a litigant from having the benefit of his own

testimony when, because of death or incapacity, the personal

representative of another litigant has been deprived of the

testimony of the decedent or incapacitated person.  The

statute substitutes a requirement that testimony be

corroborated in place of the harsher common law rule which

---

[*] We note that the defendant could have rested her case
without presenting any evidence and then renewed her motion to
strike the plaintiff's evidence.  Had the defendant done so,
the circuit court would have been required to consider only
the plaintiff's evidence when the court ruled on the motion to
strike.

disqualified the surviving witness for interest."  Diehl v.

Butts, 255 Va. 482, 488, 499 S.E.2d 833, 837 (1998); accord

Vaughn v. Shank, 248 Va. 224, 229, 445 S.E.2d 127, 130 (1994);

Hereford v. Paytes, 226 Va. 604, 607-08, 311 S.E.2d 790, 792

(1984).

We hold that plaintiff satisfied the corroboration

requirement of Code § 8.01-397 because Katharina Condit, who

was a passenger in the decedent's car, testified about the

facts surrounding the accident.  And, we note that the

defendant does not contend that plaintiff failed to provide

sufficient corroboration once defendant's testimony is

considered.

Accordingly, we will reverse the judgment appealed from,

and we will remand this case to the circuit court for a new

trial.

Reversed and remanded.

JUSTICE LACY, with whom JUSTICE KINSER and JUSTICE LEMONS
join, concurring.

The trial court in this case dismissed the plaintiff's

motion for judgment holding that Code § 8.01-397, the dead

man's statute, applied and that the plaintiff failed to

provide sufficient corroboration as required by that statute

to allow a judgment to be entered in her favor.  In her appeal

from this judgment, the plaintiff asserted two assignments of

error:

5

I. THE TRIAL COURT ERRED BY APPLYING VA CODE § 8.01-397 OF THE CODE OF VIRGINIA, 1950, AS AMENDED.

II. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION TO STRIKE WHEN IT FOUND THAT NO CORROBORATION AS REQUIRED BY VA CODE § 8.01-397 OF THE CODE OF VIRGINIA, 1950, AS AMENDED, WAS PRESENTED.

I.

The first assignment of error unequivocally challenges the application of the dead man's statute to this case. The record reflects that the plaintiff argued the inapplicability of the statute at the trial level and repeated those arguments in the petition for appeal and brief she submitted in this Court, yet the majority inexplicably fails to address this assignment of error and the issues it raises.

The principles for the application of Code § 8.01-397 have been well established and discussed in a number of our prior cases. One must be sensitive to the distinction between those principles addressing compliance with the statute and those addressing whether the statute is applicable in the first place. The first assignment of error addresses the latter proposition.

Our jurisprudence establishes that the dead man's statute will not prevent entry of a judgment in the absence of corroboration in all instances because there are circumstances in which the statute simply is not applicable. One of those circumstances is when another interested party testifies to a

6

version of the facts on behalf of the party unable to testify. Epes' Adm'r v. Hardaway, 135 Va. 80, 86, 92-93, 115 S.E. 712, 714, 716 (1923).[1]  The interest of the testifying party must be a pecuniary interest in the outcome of the litigation. Merchants Supply Co., Inc. v. Ex'rs of the Estate of John Hughes, 139 Va. 212, 216, 123 S. E. 355, 356 (1924).[2]

Six months ago this Court in Johnson v. Raviotta, 264 Va. 27, 563 S.E.2d 727 (2002), reaffirmed this exception to the application of the dead man's statute.  In Johnson, we discussed and approved the holding of the federal district court in Paul v. Gomez, 118 F.Supp.2d 694, 696 (W.D.Va. 2000), that "Virginia's dead man's statute does not require corroboration of a party's testimony regarding certain facts if another interested party testified to a version of the facts on behalf of the decedent."  264 Va. at 34, 563 S.E.2d at 732.  We stated that this principle "accurately states Virginia law."  Id.  Applying this principle to the testimony adduced in that case, we concluded that Code § 8.01-397 did not apply to the defendant's testimony in defense of one

_____

[1] Another exception to the application of the statute is where an adverse party is called by the representative of the incapacitated party and testifies regarding the facts in dispute and that testimony is uncontradicted and not inherently improbable.  Brown v. Metz, 240 Va. 127, 393 S.E.2d 402 (1990); Balderson v. Robertson, 203 Va. 484, 125 S.E.2d 180 (1962).
[2] The source and development of this exception is discussed in Epes' Adm'r, 135 Va. at 92-93, 115 S.E. at 76,

7

instance of alleged negligence because an interested party testified to the disputed facts on behalf of the decedent but that the statute did apply and corroboration was required for the defendant's testimony in defense of another instance of alleged negligence because there was no such testimony of an interested party as to that allegation.  Id. at 35, 563 S.E.2d at 733.

The plaintiff's argument under her first assignment of error here is that this exception is applicable to the facts of this case.  Mrs. Condit, the personal representative of the decedent, was in the decedent's car at the time of the accident and testified regarding the facts surrounding the accident.  As personal representative of the decedent's estate, Mrs. Condit has the requisite pecuniary interest derived from the decedent.  See, id.  The plaintiff argues that the decedent's estate was not deprived of the decedent's version of the facts and that the exception to the application of the dead man's statute applies, relieving her of the corroboration requirement.

While the plaintiff correctly recites the law, there is an additional factor that is crucial to the resolution of this assignment of error.  This case was resolved on a motion to strike the plaintiff's evidence.  The testimony of the

and Johnson v. Raviotta, 264 Va. 27, 34, 563 S. E. 2d 727, 732 (2002).

interested party, Mrs. Condit, occurred after the defendant made the motion to strike but before the trial court ruled on the motion. Therefore, at the time of the motion, no interested party had testified as to the decedent's version of the facts. The fact that an interested party "is available to testify" to the decedent's version of the facts is not sufficient to invoke the exception to the application of the dead man's statute; the interested party must testify to those facts in order to avoid the application of Code § 8.01-397. See Johnson, 264 Va. at 34, 563 S.E.2d at 732. Whether the plaintiff can prevail on her first assignment of error then depends on whether the trial court was required to consider all the evidence before it at the time the court ruled on the motion.

Normally, when ruling upon a motion to strike raised at the close of the plaintiff's evidence, the trial court considers only that evidence produced in the plaintiff's case-in-chief. The standard applied is whether the plaintiff has presented a prima facie case, considering the evidence in the light most favorable to the plaintiff. That standard, if applied to this case, would have required the trial court to deny the motion to strike because the plaintiff's evidence here established a prima facie case. The motion in this case however, did not involve the establishment of a prima facie

9

case but, instead, involved compliance with the corroboration requirement of Code § 8.01-397.

The statute recites that "no judgment shall be entered" without the requisite corroboration. The import of this requirement is that, strategically, a party faced with the possible application of the statute should through his or her case-in-chief provide either sufficient corroboration or provide testimony from an interested party to invoke the exception to the application of the statute. Indeed, if the defendant in this case had rested following the motion to strike and not produced Mrs. Condit's testimony, the plaintiff could not claim the exception to the application of the statute and corroboration of her testimony would have been required. Trial strategies, however, do not resolve the matter.

Determinations of whether a judgment can be issued under the dead man's statute are not dependant on a plaintiff establishing a prima facie case. Neither the statute nor our cases imply or require that the requisite corroboration be produced by the party whose testimony must be corroborated. Rather, we have held that corroboration for purposes of the statute can come from any source, need not be presented by the plaintiff, and may be by documentary or physical evidence. See Hereford v. Paytes, 226 Va. 604, 608, 311 S.E.2d 790, 792 (1984). Thus, the statute and our cases suggest that the

10

trial court should review all the evidence, regardless of its source, to determine whether the statute is applicable and, if it is, whether the corroboration requirement has been met. Under these circumstances, the normal rules used in considering motions to strike the plaintiff's evidence are not appropriate.

Furthermore, the corroboration requirement is not a requirement limited to the plaintiff's testimony. The plaintiff could be the party deprived of the testimony of an incapacitated person, in which case the defendant's version of the facts would require corroboration. A motion to strike the defendant's evidence for failure to provide the required corroboration would be made at the end of the defendant's evidence and, in ruling on such a motion, a trial court would consider all the evidence before it, not just evidence adduced by the defendant. To adopt a rule that limits a plaintiff faced with a motion to strike based on the application of Code § 8.01-397 to the evidence produced solely by the plaintiff, but allows all the evidence to be considered in ruling on a motion to strike the defendant's evidence based on the application of the same statute, in my opinion, is not a fair rule. Such a rule gives a defendant a decided advantage when Code § 8.01-397 is implicated.

For these reasons, I concur with the majority's determination that the trial court was required to consider

11

all evidence before it at the time it ruled on the motion to strike and could not simply restrict its review to the evidence produced by the plaintiff in her case-in-chief.

Because all the evidence produced at the time of the ruling, including the testimony of Mrs. Condit, had to be considered, I conclude that the trial court erred by applying Code § 8.01-397, as the plaintiff asserts in her first assignment of error. Mrs. Condit, an interested party deriving her interest from the decedent, testified as to the disputed events, and, therefore, Code § 8.01-397 and its requirement of corroboration was not implicated. Johnson, 264 Va. at 34-35, 563 S.E.2d at 732-33.

## II.

In holding that "the plaintiff satisfied the corroboration requirement of § 8.01-397," the majority agrees with the plaintiff's second assignment of error that the trial court erred in finding that no corroboration of plaintiff's testimony was presented. For the reasons set out above, I believe this holding not only ignores the first assignment of error, it implicitly overrules the longstanding and recently reaffirmed exception to the application of Code § 8.01-397. Assuming for this discussion only, however, that the statute applies, I cannot agree with the majority's statement that the corroboration requirement was satisfied by Mrs. Condit's testimony.

12

The majority does not explain how Mrs. Condit's testimony satisfied the corroboration requirements of Code § 8.01-397 other than stating that she "testified about the facts surrounding the accident." No prior case has ever held that testifying about the event alone satisfies the corroboration requirement of Code § 8.01-397. Corroboration for purposes of the dead man's statute requires testimony or other evidence that tends to support some issue or allegation advanced by the party able to testify which is essential to sustain a judgment in such party's favor. Rice v. Charles, 260 Va. 157, 166, 532 S.E.2d 318, 323 (2000).

In this case, the plaintiff testified that the accident occurred at an intersection uncontrolled by a traffic light; that she saw Condit's car coming the opposite direction; and that she saw the car enter the left hand turn lane, stop, and then turn into her lane, causing her to collide with the car. The plaintiff maintained that the decedent failed to maintain a proper lookout, failed to keep his car under control, failed to yield the right of way, was exceeding a reasonable speed, and was "otherwise negligent."

Mrs. Condit testified that the decedent brought the car to a complete stop before he turned left, and that there were no oncoming cars. "And then [the deceased] proceeded and we got hit." Nothing in Mrs. Condit's testimony corroborates the plaintiff's testimony or assertions of the decedent's alleged

13

negligence.  At best, Mrs. Condit's testimony merely verified that the accident happened.  This testimony meets none of the standards previously established by this Court to meet the corroboration requirement of Code § 8.01-397.

Thus, if Code § 8.01-397 applies, which for the reasons stated above I conclude it does not, I would hold that the corroboration requirement was not met and would reject the plaintiff's second assignment of error.  The statement in the majority opinion that the "defendant does not contend that the plaintiff failed to provide sufficient corroboration once [Mrs. Condit's] testimony is considered" does not eliminate the necessity of addressing the plaintiff's assertion that the testimony was sufficient.  Furthermore, the defendant argued exclusively that the trial court was required to consider the motion to strike solely on the plaintiff's evidence; she did not address that nature of Mrs. Condit's testimony at all.

We have repeatedly affirmed our strong adherence to the principles of stare decisis and we have overturned precedent only in rare instances and for reasons fully explained.  In this case, the majority has ignored principles applied in prior relevant cases, adopted positions at odds with, or contrary to, precedent without explanation, and arguably has adopted new principles of law regarding the dead man's statute and issues of corroboration.  Thus, although I agree with the majority that the trial court erred in granting the

14

defendant's motion to strike and that the plaintiff is entitled to a new trial, I do so for the reasons stated above.