COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Haley
Argued at Salem, Virginia


MELVIN C. CAULEY

                                                MEMORANDUM OPINION* BY
v.        Record No. 1335-04-3                  JUDGE JAMES W. HALEY, JR.
                                                        APRIL 12, 2005
IRMA W. CAULEY


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                                Thomas H. Wood, Judge

            Nancy A. Frank for appellant.

            John C. Wirth (Jessica L. Robinson; Nelson, McPherson,
            Summers & Santos, L.C., on brief), for appellee.


        Melvin C. Cauley (husband) appeals the May 18, 2004 circuit court order requiring the

execution of a trust agreement and deed conveying title to his residence in trust to be held for the

benefit of Irma W. Cauley (wife), as the remedy for husband's breach of certain terms of a property

settlement agreement, which was incorporated by reference in a final decree of divorce.  On appeal,

husband contends the damages for the admitted breach are unrecoverable as speculative.  Wife

seeks an award of costs incurred in connection with this appeal.

        For reasons that follow, we affirm the circuit court's order.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).  So viewed, the evidence proved that on November 17, 1999, the parties

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered into a property settlement agreement. By decree entered December 4, 2000, the circuit court affirmed, ratified, and incorporated by reference the agreement into the final decree of divorce as permitted by Code § 20-109.1.

Section II.F. of the agreement provides "that wife shall remain [the] beneficiary [of husband's pension] or if [he] has changed this beneficiary designation, he shall contemporaneously herewith complete the necessary paperwork to reinstate wife as the beneficiary and provide confirmation to wife within ten days of the execution of this document."

Shortly after the entry of the final decree, and in direct breach of this portion of the agreement, husband "actively took steps to remove [wife] as the beneficiary" under the pension. Husband concedes he breached the agreement and admits that, under federal law, it is not now possible to reinstate wife as a beneficiary under the pension. As a result of removing wife as the beneficiary, husband receives an additional benefit of $225 per month during his lifetime. Had husband not breached the agreement, wife would have received not less than $1,514 per month from the pension upon husband's death.

The court heard evidence that the cost to purchase an annuity for wife's life, to take effect at the end of the actuarially calculated date of husband's death, would be $159,536.41. When the parties were unable to agree upon a remedy for the breach, the trial court concluded that the "appropriate remedy" for husband's breach of the agreement was to put into effect a trust agreement for the benefit of wife. The trust agreement provides for the conveyance of husband's residence to the trustee. Husband retains the right to occupy the residence for his lifetime unless he defaults on the trust obligations. If husband defaults and wife predeceases husband, the funds remaining from the sale of the residence caused by the husband's default will revert to husband. If husband predeceases wife, wife will receive from the proceeds of the sale of the residence

$1,514 on a monthly basis, increasing each year by 2.2%, until her death or until the funds are exhausted. If wife predeceases husband, the trustee will reconvey the property to husband.

Husband challenges the court's creation of the trust as a remedy for his breach, arguing any damages caused by his breach were speculative.

ANALYSIS

I.

It is well established that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). Such "agreements are contracts subject to the same rules of formation, validity, and interpretation as other contracts." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1997) (citing Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986)).

> Code § 20-109.1 authorizes the court to "affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties, or provisions thereof," which "agreement or provision . . . shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree."

Campbell v. Campbell, 32 Va. App. 351, 355, 528 S.E.2d 145, 147 (2000).

Husband concedes the property settlement agreement is valid and admits he breached its terms and, thereby, violated the decree. He argues only that because wife's damages cannot be exactly calculated, the court's creation of the trust for wife's benefit was error.

"Damages must be proved with reasonable, but not absolute, certainty." Oden v. Salch, 237 Va. 525, 535, 379 S.E.2d 346, 352 (1989). See also Gwaltney v. Reed, 196 Va. 505, 507-08, 84 S.E.2d 501, 502 (1954). "Damages need not be established with mathematical certainty. Rather, a plaintiff is required only to furnish evidence of sufficient facts to permit the trier of fact to make an intelligent and probable estimate of the damages sustained." Estate of Taylor v. Flair

Property Assoc., 248 Va. 410, 414, 448 S.E.2d 413, 416 (1994). "As to the recovery of speculative or uncertain damages, the rule is stated . . . as follows: 'The rule against recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent.'" Kiser v. Amalgamated Clothing Workers, 169 Va. 574, 588, 194 S.E. 727, 732 (1938) (citation omitted). Furthermore, "'[t]he violator of his contract should not be allowed to escape all liability simply because the precise amount of the damages for which he is responsible is uncertain.'" Id. at 589, 194 S.E. at 733 (citation omitted).

Unquestionably, husband breached the terms of the parties' agreement to wife's detriment and, thus, violated the final decree. Although it is uncertain whether husband will predecease wife and how long she will live thereafter, it is known that wife would have received a sum certain as the beneficiary under husband's pension in the event he died before her. As it was impossible to reinstate wife as a beneficiary of the pension, and impractical to require the purchase of an annuity, the court properly fashioned an appropriate remedy for husband's breach.

> In the administration of remedies, an equity court is not bound by the strict rules of the common law, but adapts its relief and molds its decrees to satisfy the requirements of the case. Its purpose is the accomplishment of justice, and it will administer such relief as the exigencies of the case demand.

Roanoke Eng. Sales v. Rosenbaum, 223 Va. 548, 556, 290 S.E.2d 882, 886 (1982). In the remedy fashioned by the court, wife receives no more than the benefit of her bargain. We find no error in the trial court's administration of the remedy.

## II.

Wife requests an award of appellate costs for this appeal. Section IV.D. of the parties' agreement provides that "[i]f it is necessary for either party to incur expenses and costs in the enforcement . . . of this Agreement . . . , the nonprevailing party shall pay forthwith to the

prevailing party any and all expenses incurred, including but not limited to reasonable counsel fees and court costs."  Accordingly, we remand this matter to the trial judge for a determination and award of those costs and fees.  <u>See</u> Code § 20-109; <u>Rutledge v. Rutledge</u>, 45 Va. App. 56, 608 S.E.2d 504 (2005).

Accordingly, the judgment of the trial judge is affirmed, and the matter is remanded to the trial judge for a determination of wife's costs and fees incurred on appeal.

<u>Affirmed and remanded.</u>