# CIRCUIT COURT OF THE CITY OF ROANOKE

Myranda J. Reed
and Spencer W. Reed

v.

Courtney D. Smith

April 27, 2015

Case No. CL15-146

By Judge David B. Carson

On April 22, 2015, I heard *de novo* a landlord-tenant action appealed from the Roanoke City General District Court. Myranda Reed ("Landlord") seeks from Courtney Smith ("Tenant") damages and unpaid rent arising out of Tenant's occupancy of Landlord's premises.

At the close of Landlord's evidence, and again at the conclusion of Tenant's evidence, Tenant moved the Court to strike the Landlord's evidence on the ground that Landlord had failed to comply with the Virginia Residential Landlord and Tenant Act ("VRLTA"). On both occasions, I took the Tenant's motion under advisement. For the reasons explained below, I now overrule Tenant's Motion To Strike and conclude that Tenant is liable to Landlord in the amount $2,922.63.

## I. *Motion To Strike*

### A. *Pertinent Facts*

On or around August 1, 2013, Landlord and Tenant entered into a lease agreement governing Tenant's occupancy of Landlord's premises at 1712 Colgate Street in the City of Roanoke. By its terms, the lease was set to expire on August 31, 2014.

On or around July 27, 2014, Tenant sent a text to Landlord indicating that she was vacating the leased premises and terminating her tenancy approximately one month earlier than contemplated in the lease.

On or around July 30, 2014, Landlord posted a letter to Tenant's door and also sent the letter to Tenant via regular and certified mail, advising

that, contrary to the lease provisions, Landlord believed Tenant had two dogs on the leased premises during the term of the lease and Landlord thus was owed additional pet fees. Because Landlord did not have any other address for Tenant, Landlord posted and sent the letters to Tenant at the Colgate Street address. Tenant received none of these communications.

On August 3, 2014, Tenant sent a text to Landlord that Tenant had in fact vacated the leased premises and left the keys inside.

Landlord inspected the property that day, August 3, and allegedly found it in considerable disrepair. Landlord claims that Tenant and/or Tenant's dogs damaged — beyond mere wear and tear — an HVAC unit, the yard, the interior of the house, and some unused, new carpeting.

Landlord attempted to obtain a forwarding address from Tenant, but was unsuccessful in getting a response. Landlord, via text message, asked Tenant about paying her last month's rent (for August of 2014), but Tenant advised that she was not going to pay it since she had moved out.

On or around August 7, 2014, Landlord filed suit for damages and unpaid rent for August 2014 in the Roanoke City General District Court. That case was tried on January 6, 2015. Following the General District Court's judgment in favor of Landlord, Tenant timely noted an appeal to this Court.

On appeal, Landlord seeks damages of $4,131.31, inclusive of attorney's fees. In response, Tenant argues alternatively as follows:

> 1. Landlord failed to comply with Va. Code Ann. § 55-248.15:1 (VRLTA security deposit provision) by not providing Tenant with (a) notice of Landlord's withholding or reduction of Tenant's $750 security deposit, and/or (b) an itemization of damages and the cost of repairing them. Tenant argues that this failure precludes Landlord from now keeping the security deposit and from recovering the costs of repair that exceed the amount of the security deposit; and
>
> 2. Tenant is not liable for August 2014 rent because she had vacated the premises in early August. Tenant also is not liable for any of the alleged damages to the leased premises because the damage was already present and/or the damage is merely wear and tear, which is not recoverable under the lease.

## B. *Analysis*

A motion to strike the evidence is in effect a motion for summary judgment and is measured by the same standards. *Costner v. Lackey*, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982). Therefore, a court may not grant the motion if there is any genuine dispute concerning any material fact. Because striking a litigant's evidence is a drastic remedy, the Court should resolve any reasonable doubt as to the sufficiency of the evidence in the nonmoving

party's favor, and only grant such motion when it is conclusively apparent that no cause of action was proven or the court is otherwise compelled to set aside a verdict. *Id.* Finally, if a motion to strike is taken under advisement and the defendant presents evidence, the Court must consider all of the evidence in deciding the motion. *Williams v. Condit,* 265 Va. 49, 52, 574 S.E.2d 241, 242-43 (2003).

The Court overrules Tenant's Motion To Strike for two reasons: (1) under the facts in this case, Landlord's noncompliance with the VRLTA was not willful; and (2) willfulness notwithstanding, noncompliance with this provision neither relieves a tenant of the obligation to pay rent owed, nor precludes a landlord or tenant from recovering other damages to which they may be entitled under the VRLTA or the lease agreement.

The VRLTA security deposit provision provides for the following remedy:

> If the landlord willfully fails to comply with this section, the court shall order the return of the security deposit to the tenant, together with actual damages and reasonable attorney's fees....

Va. Code Ann. § 55-248.15:1(A).

On the evidence before me, which was not rebutted, I conclude that Landlord did not willfully fail to comply with the VRLTA but was, at most, negligently noncompliant. Specifically, as part of Landlord's efforts to recover rent for August 2014, Landlord attempted to obtain a forwarding address from Tenant, but Tenant refused to provide one. Combined with Landlord's belief that Tenant damaged the leased premises, concealed the presence of a second dog, and then refused to pay the August rent, it is not unreasonable that Landlord swiftly resorted to a legal remedy. Under the circumstances, the Court concludes that Landlord's failure to propound formal notice or itemizations was probably negligent vis-à-vis the VRLTA (and perhaps even rash), but such a course of action does not rise to the level of willful noncompliance under these facts.

Willfulness notwithstanding, the security deposit provision goes on to state (continuing from the quoted clause, *supra*):

> unless the tenant owes rent to the landlord, in which case, the court shall order an amount equal to the security deposit credited against the rent due to the landlord.

Va. Code Ann. § 55-248.15:1(A).

Here, the $750 security deposit is equal to August's $750 rent, which the Court does find owing. This Court would, therefore, be obligated to apply the deposit to the unpaid rent. Furthermore, the security deposit provision also provides:

This section shall not preclude the landlord or tenant from recovering other damages to which he may be entitled under this chapter.

Va. Code Ann. § 55-248.15:1(A).
Under § 247.7 of the VRLTA chapter:

A landlord and tenant may include in a rental agreement, terms and conditions not prohibited by this chapter or other rule of law, including rent, charges for late payment of rent, term of the agreement, automatic renewal of the rental agreement, requirements for notice of intent to vacate or terminate the rental agreement, and other provisions governing the rights and obligations of the parties.

Va. Code Ann. § 55-247.7.
Finally, the Lease Agreement entered into by Landlord and Tenant here sets forth in Section 13, entitled "Liability," that:

The tenant shall be liable to the Landlord for any damage to the premise beyond normal wear and tear resulting from the negligence or wrongful act of the tenant or others on the premises with his permission.

This lease term is not prohibited by the VRLTA. Consequently, even if Landlord's noncompliance with the security deposit provision was willful, the Court cannot go beyond the remedy provided for under VRLTA's security deposit provision by precluding Landlord from recovering the reasonable costs entitled to Landlord under the lease agreement.

## II. *Trial de Novo Disposition and Award*

After hearing all the evidence presented at trial, I find Tenant violated the lease upon her early termination of the lease and refusal to pay August's rent. I also find that Landlord proved by the preponderance of the evidence that Tenant caused the claimed damages (or portions thereof) as listed below:

| | |
|---|---|
| August 2014 unpaid rent | $750.00 |
| August 2014 late fee | 0.00 |
| August 2014 missed pet payment | 0.00 |
| HVAC repair | 185.00 |
| Vinyl siding repair | 29.17 |
| Landscaping services | 50.00 |

| | |
|---|---|
| Carpet and Padding | 100.00 |
| Painting and cleaning supplies | 178.46 |
| Fee for second dog | 0.00 |
| Court costs | 58.00 |
| Service fees | 72.00 |
| Attorney's fees | 1,500.00 |
| Total | $2,922.63 |

Counsel will note that I have awarded full, partial, and no values to the items of damage claimed by Landlord. This is purposeful and is reflective of the degree to which I concluded Landlord carried her burden of proof as to the particular item of claimed damage.

### III. *Conclusion*

For the above reasons, the Court overrules Tenant's Motion To Strike and finds Tenant liable to Landlord in the amount of $2,922.63.