## CIRCUIT COURT OF AMHERST COUNTY

Marilyn Johnston

v.

Sheila Beth Robinson

March 27, 2008

Case No. CL07006638

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion by Allstate Insurance Company to dismiss this action. Allstate, the uninsured automobile insurance carrier, by special appearance, has moved to dismiss this case because the complaint was not served on the defendant within one year of the date of the filing.

This is a personal injury lawsuit that was originally filed on August 23, 2005. The plaintiff took a voluntary nonsuit in this case on January 24, 2007. On February 5, 2007, the plaintiff refiled this action. On February 14, 2007, pursuant to proof of service filed with the court, plaintiff obtained posted service on the defendant at 1101A McCausland Street, Lynchburg, Va. 24501. Exhibit A to the motion to dismiss.

The defendant, Sheila Beth Robinson, had no knowledge that the complaint had been refiled until she spoke with counsel for Allstate on February 6, 2008. The defendant testified under oath at the hearing on March 20, 2008, that she could not say when she moved from 1101A McCausland Street. However, she testified that by February 14, 2007, she was living with her boyfriend at another location. She could remember this because she and her boyfriend had gone to a restaurant in Roanoke, Virginia, for dinner on February 14, 2007, for Valentine's Day. She knew that, as of that time, she had left McCausland Street to live with her boyfriend. Additionally, on

December 5, 2007, counsel for Allstate attempted to mail a letter to the defendant. The envelope was returned to counsel by January 4, 2008, with the postal notation "moved left no address." Exhibit C to the motion to dismiss.

Va. Code § 8.01-275.1 provides that service is timely if effected within twelve months of the commencement of the action. It is timely after twelve months upon a finding that the plaintiff exercised "due diligence" to serve the defendant. Rule 3:5 provides that no judgment "shall be entered against a defendant who was served with process more than one year after the institution of the action . . . unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on the defendant." Va. Code § 8.01-296(2) provides that, if a party cannot be found "at his usual place of abode" then service may be effected "by posting a copy of the process at the front door . . . of the main entrance of such place of abode."

Plaintiff maintains that, at the time of the taking of the deposition of the defendant during the pendency of the first case on July 12, 2006, the defendant testified that her current address was 1101 McCausland Street, Lynchburg, Va. Robinson Dep., p. 5, lines 18-20. This, at best, appears to be the last known address of the defendant. As noted above, Va. Code § 8.01-296(2) requires that the process be posted at the usual place of abode. *Black's Law Dictionary* (2d Pocket Ed. 2001) defines "abode" as "(A) home; a fixed place of residence." The word "usual" is defined as "[O]rdinary, customary." *Black's Law Dictionary* (2d Pocket Ed. 2001).

Based on the above definitions, it is clear that the last known address testified to by the defendant in her July 2006 deposition is not the usual abode where posted service was effected in February 2007. Under the above definitions, it was neither her abode or usual place of abode. Service was not achieved within twelve months as required by either Va. Code § 8.01-275.1 or Rule 3:5.

Because there was not service within the one-year period prescribed by law, it must be determined whether there was due diligence to obtain service within that period of time. The evidence shows that the plaintiff only inquired about the residence of the defendant at the time of the deposition in July 2006. This was prior to the nonsuit. The plaintiff merely attempted to serve the defendant at that same address when the case was refiled. No further effort was made to locate the defendant.

Diligence means "such a measure of prudence, activity, or assiduity, as is properly expected from and exercised by, a reasonable and prudent man under the particular circumstances, not measured by any absolute standard, but depending on the relative facts of the special case." *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394 (1990). Under the facts of the

instant case, there was not such measure of prudence and activity as would be reasonable and prudent under the circumstances of this case. From July 2006 until February 14, 2008, there was no further effort to locate the defendant. It was not reasonable and prudent to expect that the defendant would continue to live at the same location in perpetuity. Thus, the court cannot find that due diligence has been exercised.